FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2012 MAY 25  PM 2: 55

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

JOSHUA D. POERTNER, )
 )
Plaintiff, )
 )
v. ) CASE NO. 6:12-cv-803-ORL-31DAB
 )
DURACELL INC, ET AL, )
 )
Defendants. )
 )
 )
_____ )

### DEFENDANTS' JOINT NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

(Removed from the Circuit Court of the Seventh Judicial Circuit, in Volusia County, State of Florida, Civil Division, Case No. 2012 11304 CIDL)

PLEASE TAKE NOTICE THAT Defendants The Gillette Company ("Gillette") and The Procter & Gamble Company ("P&G") (collectively, "Defendants"), hereby remove the above-captioned matter from the Circuit Court of the Seventh Judicial Circuit in Volusia County, Florida, Civil Division, to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453. The grounds and specific facts establishing that this case may be properly removed are as follows:

1. Plaintiff filed the action on April 20, 2012, styled as *Joshua D. Poertner, Individually and on Behalf of All Others Similarly Situated v. Duracell, Inc., and Procter & Gamble Company*, in the Circuit Court of the Seventh Judicial Circuit in Volusia County, Florida, Civil Division, which was assigned Case No. 2012 11304 CIDL. The original complaint was never served on Gillette or P&G. A copy of the Original Complaint is attached hereto as Exhibit A. The original complaint named "Duracell, Inc." as a defendant. However, no such entity exists.

23433104.1

2. Plaintiff subsequently filed an amended complaint on May 21, 2012, under the same case number as the Original Complaint (i.e., Case No. 2012 11304 CIDL), styled *Joshua D. Poertner, Individually and on Behalf of All Others Similarly Situated v. The Gillette Company, and Procter & Gamble Company*, in the Circuit Court of the Seventh Judicial Circuit in Volusia County, Florida, Civil Division. A copy of the Amended Complaint is attached hereto as Exhibit "B." The Amended Complaint dropped "Duracell, Inc." as a named defendant in the case, and added "The Gillette Company" as a named defendant in the case.

3. The Amended Complaint was served on Defendants Gillette and P&G on May 21, 2012.

4. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

## I. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

5. Pursuant to 28 U.S.C. § 1446(b), a defendant's notice of removal of a civil action is timely if filed within thirty (30) days after service on the defendant of a complaint setting forth the claim for relief upon which such action is based. Here, as described more fully below, the thirty (30) day time period for Defendants to file a notice of removal did *not* begin to run based on Plaintiff's filing of the Original Complaint (which was never served on either of the Defendants), but rather began to run based on service of the Amended Complaint.

6. The thirty (30) day time period for Defendants to file a notice of removal did not begin to run based on Plaintiff's filing of the Original Complaint because the Original Complaint was never served on the defendants named in this action. The Amended Complaint was served on Defendants on May 21, 2012. Therefore, the present Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b), as it is filed within thirty (30) days after Defendants were served with the Amended Complaint. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526

U.S. 344, 354 (1999) (30-day removal period starts to run from the date of service of the complaint).

7. No proceedings have occurred in the Circuit Court of the Seventh Judicial Circuit in Volusia County, Florida, Civil Division, as of the date of this Notice of Removal. Defendants have not filed a responsive pleading to the Amended Complaint. Defendants hereby reserve any and all rights to assert any and all defenses to the Amended Complaint. Defendants further reserve the right to amend or supplement this Notice of Removal.

8. Venue lies in the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1441(a) and Rule 1.02(b)(3) and Rule 4.02(a) of the Local Rules of the Middle District of Florida, because the original action was filed within this District and Division, in the Circuit Court of the Seventh Judicial Circuit in Volusia County, Florida, Civil Division. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a).

9. Pursuant to 28 U.S.C. § 1446(a), a copy of the Amended Complaint is attached hereto as Exhibit "B". Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being concurrently filed with the clerk of the Circuit Court of the Seventh Judicial Circuit in Volusia County, Florida, Civil Division.

## II. REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT-MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d).

10. Removal is proper because this Court has original jurisdiction over this action pursuant to sections of the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. §§ 1332(d), 1453, 1711-1715. Subject matter jurisdiction under section 1332(d) requires minimal diversity such that "any member of a class of plaintiffs is a citizen of a State different from any defendant," and that the amount in controversy "exceeds the sum or value of $5,000,000." See 28 U.S.C. § 1332(d)(6). The subject matter jurisdiction provisions of section 1332(d)(2) apply to proposed classes with an excess of 100 members. See 28 U.S.C. § 1332(d)(5)(B).

11. As set forth below, and based on the assertions and allegations in the Amended Complaint, this is a putative class action in which: (1) Plaintiff's defined class will involve 100 or more members; (2) all members of the proposed class have a different citizenship from Defendants; and (3) the alleged claims and alleged damages of the proposed class members exceed the sum or value of $5,000,000 in the aggregate, exclusive of interest and costs. Thus, this court has subject-matter jurisdiction over this action pursuant 28 U.S.C. § 1332(d).

### A. THE PUTATIVE CLASS CONSISTS OF MORE THAN 100 MEMBERS.

12. In the Amended Complaint, Plaintiff seeks to represent a putative class of "[a]ll persons who purchased Duracell Ultra Advanced or Duracell Ultra Power batteries in the State of Florida and currently reside in the State of Florida during the period beginning four years prior to the date of filing of the complaint through the present (the "Class Period")." (Exh. B, at ¶ 34.) The Original Complaint was filed on April 20, 2012. Thus, the Class period as alleged by Plaintiff is from April 20, 2008 to the present. According to Defendants' sales records and information, Defendants believe that well in excess of 15,735,115 individual Duracell Ultra Advanced and Duracell Ultra Power Batteries (collectively, "Ultra Batteries") have been sold in Florida during the time from April 20, 2008 to the present.

13. Further, the Amended Complaint asserts that "The Class is so numerous that the individual joinder of all members in [sic] impracticable. While the Class's exact number and identity of Class Members Plaintiffs are currently unknown and can only be ascertained through appropriate discovery, Plaintiff, on information and belief, alleges that the Class will include at least [sic] include thousands of individuals." (Exh. B, at ¶ 33.) Accordingly, the aggregate number of class members of the putative plaintiff class is much greater than 100, and the requirement of 28 U.S.C. § 1332(d)(5)(B) is easily satisfied.

### B. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN MEMBERS OF THE PUTATIVE CLASS AND EACH OF THE DEFENDANTS.

14. The diversity requirements of section 1332(d) are met in the Amended Complaint. The Amended Complaint asserts that (1) plaintiff Joshua Poertner is a citizen of Florida and resident of Deland, Florida [Exh. B, at ¶ 4]), (2) defendant Gillette is a Delaware corporation with its principal place of business in Boston, Massachusetts [Exh. B, ¶ 6], and (3) defendant P&G is a Ohio corporation with its principal place of business in Cincinnati, Ohio. (Exh. B, ¶ 6; *see further* Declaration of Susan Felder ("Felder Decl."), at ¶ 3 (Gillette is a Delaware corporation with its principal place of business in Boston, Massachusetts) and Felder Decl., at ¶2 (P&G is a Ohio corporation with its principal place of business in Cincinnati, Ohio)). Moreover, the alleged definition of the proposed class includes only persons who "currently reside in the State of Florida." Thus, plaintiff Joshua Poertner and the entire proposed class are citizens of Florida, while defendant Gillette has dual citizenship in Delaware and Massachusetts, and defendant P&G is a citizen of Ohio. 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1184 (2010). All of the proposed class members are residents of Florida, and none are residents of Delaware, Massachusetts or Ohio. There is complete diversity between the entire proposed class of plaintiffs and the Defendants in this action.

### C. THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.

15. Removal is proper in that a preponderance of the evidence shows that more than the jurisdictional amount is in controversy. *See Frederico v. Home Depot*, 507 F.3d 188, 194 (3rd Cir. 2007). Under this standard, the removing defendant need only show that it is "more likely than not" that the amount in controversy exceeds the jurisdictional limit. *See Williams v. Best Buy Co., Inc.*, 269, F.3d 1316, 1319 (11th Circ. 2001); *H&D Tire & Automotive-Hardware, Inc., v. Pitney Bowes, Inc.*, 227 F.3d 326, 328, fn. 2. This legal standard applies when the plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum. *Id., see also Frederico, supra,* at 197. Plaintiff has not specified

any amount of damages in this matter. Plaintiff's theory of recovery, as alleged in the Amended Complaint, is that Defendants made false statements concerning the performance of Duracell Ultra Batteries, and that the alleged false statements caused consumers to select and purchase the Ultra Batteries rather than Duracell's standard CopperTop alkaline batteries. (Exh. B, at ¶¶ 1-3). Plaintiff alleges in the Amended Complaint that:

- "Plaintiff and the Class ... paid a premium price for batteries with no material difference in battery life than Gillette's lower-priced Duracell batteries and were damaged as a result. Plaintiff and the Class seek actual damages and injunctive relief for the Defendants' false and misleading representations and omissions." (Exh. B, at ¶3.)
- "Duracell Ultra Advanced and Duracell Ultra Power batteries retail at a substantial premium price over Duracell's standard CopperTop batteries and cost on average $.30 more per battery (for $2.40 per eight pack). Therefore, all consumers who purchased Duracell Ultra Advanced or Duracell Ultra Power batteries have been injured by Defendants' deceptive scheme and are owed restitution and damages." (Exh. B, at ¶ 25.)
- "Plaintiff has been injured by paying more for Duracell Ultra Advanced and Duracell Ultra Power batteries than he would have absent Defendants' deception." (Exh. B, at ¶ 28.)

16. The Amended Complaint further alleges that Defendants' alleged conduct violates the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Sections 501.201, et seq. (unfair, deceptive, unlawful or unconscionable conduct). Plaintiff seeks as remedies, among other things, injunctive relief prohibiting Defendants from engaging in the purportedly unlawful practices, and an award of damages. (Exh. B, at ¶31.)

17. Defendants have examined their available business records and sales data regarding actual recorded sales of Duracell Ultra Batteries by certain major retailers in the Miami, Jacksonville, Tampa and Orlando metropolitan areas of Florida for the period from April

1, 2008 to the present, as well as sales data regarding the sales of Duracell Ultra Batteries at Costco stores throughout the state of Florida. (*See* Declaration of Felix Appiah, at ¶¶ 5, 11.) Based on Defendants' review and analysis of this available sales data and information, and applying that data and analysis to estimate the total amount of Ultra Batteries sold in the remaining geographic areas of Florida during the time period April 1, 2008 through May 2012, the total number of Ultra Batteries sold in Florida during that period of time is well in excess of 15,735,115 batteries. (Appiah Decl, at ¶¶ 5-13) This number does not include sales of Duracell Ultra Batteries by certain mass retailers such as Walmart, Toys-R-Us and Sam's Club, or any sales by major hardware retailers (including The Home Depot or Lowes) anywhere in Florida, nor does it include any sales of Ultra Batteries by any major drug store retailers (including Walgreens, CVS, Rite Aid and other drug store retailers) in the Tampa, Jacksonville and Orlando metropolitan areas. (Appiah Decl, at ¶8.) If Defendants had information regarding the total sales of Ultra Batteries by these other major retailers, the reported total number of Duracell Ultra Batteries sold in the four metropolitan areas and the remaining areas of Florida would be significantly higher than 15,735,115 million units. (Appiah Decl, at ¶¶ 12 & 13.)

18.   Multiplying just the 15,735,115 million Duracell Ultra Battery units by the $.30 cent premium price differential alleged by Plaintiff in the Amended Complaint (which is the measure of damages for which Plaintiff and the proposed class seek damages), the total price differential is $4,720,534. (Appiah Decl, at ¶ 12.) This calculation does not include a significant amount of sales of Duracell Ultra Batteries by numerous major retailers and market segments, as described above, which sales would increase this number significantly. (Appiah Decl, at ¶¶ 12 & 13.) Therefore, based on the sales data and information presently available to Gillette, and based on reasonable assumptions derived from that information, it is highly likely that the total actual number of Duracell Ultra Batteries sold in the State of Florida during the period from April 1, 2008 to the present is well in excess of 15,735,115 batteries; and applying the $.30 cent price differential (as alleged in the Amended Complaint) to the total number of batteries actually sold would result in an amount well in excess of $5,000,000. (Appiah Decl, at ¶ 13.) Thus, it is

"more likely than not" that the amount in controversy exceeds the jurisdictional minimum of section 1332(d).

19. Plaintiff also seeks attorney's fees [Exh. B, at ¶ 1, 68(d)], which could potentially be as much as thirty percent of any judgment. *Frederico*, 507 F.3d at 199, citing *In re Rite Aid Corp. Securities Litigation*, 396 F.3d 294, 303 (3rd Cir. 2005) (noting study done by the Federal Judicial Center that found a median attorney's fees percentage recovery range of 27-30% for all class actions resolved or settled over a four-year period). Alleged attorney's fees are properly aggregated and considered for purposes of determining the amount in controversy under CAFA. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."). Thus, to the extent the jurisdictional amount is not already met absent Plaintiff's requests for attorneys' fees (and it is), the amount of potential attorneys' fees Plaintiff will seek must also be included, which further establishes that it is "more likely than not" that the amount in controversy exceeds the jurisdictional minimum of section 1332(d).

20. Thus, while Defendants believe that class certification is not appropriate in this action, that Defendants will prevail on the merits of Plaintiff's claims, and that Plaintiff is entitled to take nothing from this action, should a class be certified and Plaintiff recover his alleged damages on behalf of the alleged putative class based on the theories and measure alleged in the Amended Complaint, such remedies would exceed $5,000,000.

21. Therefore, Defendants have a good faith belief based on Plaintiff's allegations that the amount in controversy in this case exceeds the jurisdictional threshold of $5,000,000 of 28 U.S.C. § 1332(d).

22. For all of the reasons stated, this action is removable to this Court pursuant to §§ 1441, 1446 and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

23. Pursuant to 28 U.S.C. § 1446, Defendants are concurrently herewith giving notice of the filing of this Notice of Removal to Plaintiffs and to the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida. A copy of that Notice is attached to this Notice of Removal as Exhibit "C". Pursuant to Rule 4.02(b) of the Local Rules of the Middle District of Florida, copies of all process, pleadings, orders, and other papers of every kind on file in the state court are attached hereto as Exhibit "D". Defendants reserve the right to amend or supplement this Notice of Removal.

24. Defendants reserve all defenses, and the filing of this Notice of Removal is subject to, and without waiver of, any available defenses.

**WHEREFORE,** Defendants respectfully request that this action be removed from the Circuit Court of the Seventh Judicial Circuit in Volusia County, Florida, Civil, to the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

**DATED:** May 25, 2012

Respectfully submitted,

_____
JASON A. PERKINS, ESQ.
Florida Bar Number 610852
Jperkins@carltonfields.com
JOHANNA W. CLARK, ESQ.
Florida Bar Number 196400
Jclark@carltonfields.com
D.MATTHEW ALLEN, ESQ.
Florida Bar Number 866326
Mallen@carltonfields.com
CARLTON FIELDS, P.A.
450 S. Orange Avenue, Suite 500
Orlando, Florida 32801
Telephone: 407.849.0300
Facsimile: 407.648.9099

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served via regular United States Mail to Joshua R. Gale, Esquire; Wiggins, Childs, Quinn & Pantazis LLC; 101 N. Woodland Boulevard, Suite 600; DeLand, Florida 32720, on this 25th day of May, 2012.

_____
Attorney