**Form 1.997 Civil Cover Sheet**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075. (See instructions for completion).

I.   CASE STYLE

(Name of Court) Circuit Court of the 17th Judicial Circuit

Plaintiff Joshua D. Poertner, individually and on behalf of all others similarly situated

Case #: 2012 11304 CIDL

Judge: 02

vs.

Defendant Duracell, Inc., and Proctor & Gamble Company

II.   TYPE OF CASE (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence—other
    - ☐ Business governance
    - ☒ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability—commercial
    - ☐ Premises liability—residential
- ☐ Products liability
- ☐ Professional malpractice
    - ☐ Malpractice—business
    - ☐ Malpractice—medical
    - ☐ Malpractice—other professional
- ☐ Other
    - ☒ Antitrust/Trade regulation
    - ☒ Business transactions
    - ☐ Constitutional challenge—statute or ordinance
    - ☐ Constitutional challenge—proposed amendment
    - ☐ Corporate trusts
    - ☐ Discrimination—employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

FILED 2012 APR 19 PM 2:46 CLERK OF THE CIRCUIT & CTY.COURT VOLUSIA CTY.,FL CC 52

CL-0891-0912

- ☐ Real property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001- $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 - $50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Nonhomestead residential foreclosure $0 - $50,000
  - ☐ Nonhomestead residential foreclosure $50,001 - $249,999
  - ☐ Nonhomestead residential foreclosure $250,000 or more
  - ☐ Other real property actions $0 - $50,000
  - ☐ Other real property actions $50,001 - $249,999
  - ☐ Other real property actions $250,000 or more

III. REMEDIES SOUGHT (check all that apply):
   ☒ monetary;
   ☒ nonmonetary declaratory or injunctive relief;
   ☐ punitive

IV. NUMBER OF CAUSES OF ACTION: [ ]
   (specify) 4  1) Unfair Conduct   2) Deceptive Conduct   3) Unlawful Conduct
   4) Unconscionable Acts or Practices

V. IS THIS CASE A CLASS ACTION LAWSUIT?
   ☒ yes
   ☐ no

VI. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?
   ☒ no
   ☐ yes  If "yes", list all related cases by name, case number, and court.

VII. IS JURY TRIAL DEMANDED IN COMPLAINT?
   ☒ yes
   ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____   Fla. Bar # 63283
Attorney or party                    (Bar # if attorney)

Joshua R. Gale, Esq.                 4/19/2012
(type or print name)                 Date
CL-0891-0912

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN VOLUSIA COUNTY, FLORIDA
CIVIL DIVISON

| | |
|---|---|
| JOSHUA D. POERTNER, Individually and on Behalf of All Others Similarly Situated; CLASS REPRESENTATIVE; <br><br> Plaintiffs, <br><br> v. <br><br> DURACELL, INC, AND PROCTER & GAMBLE COMPANY,; <br><br> Defendants. | CASE NO.: 2012 11304 CIDL <br><br> DIVISION: 02 <br><br> JURY DEMAND |

## CLASS ACTION COMPLAINT

Plaintiff, JOSHUA D. POERTNER, individually and on behalf of all others similarly situated (hereinafter "Plaintiffs"), sues Defendants, DURACELL, INC, (hereinafter "Duracell") and PROCTER & GAMBLE COMPANY, (hereinafter "P&G" or collectively, the "Defendants"), and alleges:

### SUMMARY OF THE ACTION

1. This is an action for temporary and permanent injunctive relief, damages, civil penalties, attorney's fees and other statutory relief brought pursuant to the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Sections 501.201, *et seq.*, Florida Statutes. (2005).

2. This is a class action brought on behalf of consumers who purchased Duracell, Inc.'s premium-priced Ultra Advanced and Ultra Power Batteries based on the unfair, deceptive, and unconscionable acts or marketing that Ultra Advanced and Ultra Batteries would last longer than



Duracell's competing, lower-cost batteries. Plaintiffs allege that Duracell and its parent corporation, The Proctor and Gamble Company, engaged in a scheme to mislead consumers about the benefits of these premium-priced batteries in violation of Florida Deceptive and Unfair Trade Practices Act Sections 501.201, *et seq.*, Florida Statutes (2005).

3. Plaintiffs allege that Defendants concealed and misrepresented material facts concerning the true battery life of their Ultra Advanced and Ultra Power products. In reliance on Duracell's marketing scheme, Plaintiff and the Class, as defined *infra*, paid a premium price for batteries with no material difference in battery life than Duracell's lower-priced batteries and were damaged as a result. Plaintiff and the Class seek actual damages and injunctive relief for the Defendants' false and misleading representations and omissions.

## PARTIES

4. Plaintiff, JOSHUA D. POERTNER, is a citizen of Florida and a resident of DeLand, Florida. During the Class period, as defined *infra*, Plaintiff purchased Duracell Ultra Advanced and Duracell Ultra Power batteries in Florida.

5. Defendant Duracell, a wholly-owned subsidiary of P&G, is a Delaware corporation with its principle place of business in Bethel, Connecticut. Duracell maintains extensive contacts within the State of Florida. On information and belief, Duracell ships its products to distributors in Florida, sells its products in retail stores in Florida, and advertises its products in Florida.

6. Defendant P&G is an Ohio corporation with its principle place of business in Cincinnati, Ohio. P&G maintains extensive contacts within the State of Florida. On information and belief, P&G ships its products to distributors in Florida, sells its products in retail stores in Florida, and advertises its products in Florida.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over all claims encompassed within this controversy, by virtue of Florida Constitution Article V. The Plaintiff is a resident of Volusia County, Florida. Defendants' property is located in Volusia County, Florida and Defendants' transact business in Volusia County, Florida wherein their product was sold, distributed, disseminated, applied and dispersed. The harm alleged is also located in Volusia County, Florida. The property damage occurred in Volusia County, Florida. The amount in controversy exceeds $15,000.

8. This Court has personal jurisdiction over Defendants because the Defendants have sufficient minimum contacts with Florida and/or Defendant's otherwise purposely avail themselves of the markets of Florida through the promotion, marketing, and sale of their products and services in Florida to render the exercises of jurisdictions by this court permissible under traditional notions of fair play and substantial justice.

## FACTS

9. Duracell is a wholly-owned subsidiary of P&G and describes itself as "the world's leading manufacturer of high-performance alkaline batteries."

10. In 2011, the U.S. Market for consumer batteries was approximately $13 billion. Duracell's share of the global market for consumer batteries was approximately 25%.

11. Duracell sells both primary (disposable) and secondary (rechargeable) batteries for use in consumer products. Currently primary battery products include Duracell Copper Top and Duracell Ultra Power (previously branded as Duracell Ultra Advanced). Secondary battery products include Duracell Rechargeable and Duracell Rechargeable StayCharged.

12. On November 5, 2009, Duracell announced its new Ultra Advanced battery, which was available in AA and AAA sizes. In its press release announcing Ultra Advanced, Duracell described the product as follows:

> The Duracell Ultra Advanced battery line is designed to meet the demands of the widest range of devices consumers rely on to protect and enjoy their lives including flash lights, smokes detectors, baby monitors and radios. As the latest product in the Duracell Smart Power portfolio, **Ultra Advanced with POWERCHECK lasts up to 30 percent longer in toys than the previous Ultra Digital, which is the largest category for battery usage and a key torture test for batteries.** (emphasis added).

13. Throughout the Class Period, the product packaging for Duracell Ultra Advanced batteries included the statement, "Up to 30% Longer in Toys*" with and asterisk that included the disclaimer "vs. Ultra Digital" in small print. This product package is displayed below.



14. In addition, Duracell's website stated on the product page for Duracell Ultra Advanced: Ideal for high-drain devices, these batteries give you up to 30% more power in toys than Ultra Digital batteries" and "Use with high drain devices, including battery-powered toys, high-powered flashlights, and video game controllers."

15. However, Duracell Ultra Advanced batteries fail to last materially longer than Duracell's other alkaline batteries. Despite Defendant's representations to the contrary, there is no meaningful difference in battery life between Duracell Ultra Advanced and Duracell's other alkaline batteries.

16. Beginning in approximately January of 2012, Defendants began to phase out their Ultra Advanced batteries and replace them with batteries branded as "Ultra Power." Duracell's website product pages replaced the Ultra Power brand with the Ultra Advanced brand in retail stores.

17. Both the Ultra Advanced and Ultra Power branded batteries use the same model number, MX1500, and there is no discernible difference between the two batteries, absent the change in branding and marketing.

18. On the product packaging for Duracell Ultra Power batteries, Defendants prominently state that the battery is "Our Longest Lasting" on the front of the package. On the back of the package, Defendants also include a chart indicating that Duracell CopperTop Batteries are "For Everyday Devices" and Duracell Ultra Power batteries are for "When It Matters Most." The product package for Duracell Ultra batteries is displayed below:



19. On Duracell's web site for Ultra Power, Defendants describe Ultra Power as "Our Longest Lasting" and state, "Ultra Power is Duracell's most powerful alkaline battery. If you're using a device that requires high battery output, Ultra Power is the way to go." Duracell's website also states that "Duracell Ultra Power batteries offer premium power for many of your devices, including: Battery-powered toys, Video game controllers, High-powered flashlights, digital cameras, and Radio Clocks."

20. However, Duracell Ultra Power batteries fail to last materially longer than Duracell's other alkaline batteries. Despite Defendants' representations to the contrary, there is not meaningful difference in battery life between Duracell Ultra Power and Duracell's other alkaline batteries.

21. Defendants conspicuously failed to disclose that Ultra Advanced and Ultra Power branded batteries provide no material difference in battery life from any of their other alkaline battery products. Coupled with their statements on the products' packaging that their batteries would either last "up to 30% longer" or are "our longest lasting," Defendants' glaring omission

6

that there is no material difference between their alkaline batteries would, and did, mislead reasonable consumers.

22. Because Defendants' claims were placed directly on the front of the product's packaging, and there is no corresponding disclosure that Duracell's batteries do not materially differ in battery life, a reasonable consumer would likely be misled into believing that Duracell's Ultra Advanced and Ultra Power products would last longer than Duracell's regular alkaline batteries. This deception occurs directly at the point of sale when it is most likely to affect a consumer's purchasing decision.

23. As a result of the Defendant's deceptive marketing scheme, consumers purchased Duracell's Ultra Advanced and Ultra Powered batteries based on the false belief that the batteries would last longer than Duracell's regular alkaline batteries. These customers paid significantly higher prices with no meaningful additional benefits.

24. Duracell Ultra Advanced and Ultra Power batteries retail at a substantial premium price over Duracell's standard CopperTop batteries and cost on average $.30 more per battery (or $2.40 per eight pack). Therefore, all consumers who purchased Ultra Advanced or Ultra Power batteries have been injured by Defendant's deceptive marking scheme and are owed restitution and damages.

## PLANTIFF JOSHUA D. POERTNER

25. In 2010, Plaintiff Poertner purchased an 8-pack of Duracell Ultra Advanced batteries in size AA from a retail store in Florida. Plaintiff saw the deceptive representations on the product packaging that Duracell Ultra Advanced batteries lasted "up to 30% longer" and believed that the batteries would last longer than Duracell's other batteries. Due to the Defendant's omissions, Plaintiff did not know that there was no material difference between the battery life of the

7

Duracell Ultra Advanced batteries and Duracell's other alkaline batteries. Had Plaintiff known that Duracell Ultra Advanced batteries did not last materially longer than Duracell's other alkaline batteries, Plaintiff would not have purchased Duracell Ultra Advanced batteries.

26. In 2012, Plaintiff purchased an 8-pack of Duracell Ultra Power batteries in size AA from a retail store in Florida. Plaintiff saw the deceptive representations on the product packaging that Duracell Ultra Power batteries were Duracell's "longest lasting" batteries and believed that the batteries would last longer than Duracell's other batteries. Due to the Defendant's omissions, Plaintiff did not know that there was no material difference between the battery life of the Duracell Ultra Power batteries and Duracell's other alkaline batteries. Had Plaintiff known that Duracell Ultra Power batteries did not last materially longer than Duracell's other alkaline batteries, Plaintiff would not have purchased Duracell Ultra Power batteries.

27. Plaintiff has been injured by paying more for Duracell Ultra Advanced and Duracell Ultra Power batteries than he would have absent Defendant's deception.

## CLASS RESPRESENTATION ALLEGATIONS

28. This action has been brought and may properly be maintained pursuant to the provisions of Florida Rules of Civil Procedure 1.220(b)(1), 1.220(b)(2), 1.220(b)(3) and case law thereunder.

29. This action is brought and may properly be maintained as a class action pursuant to Florida Rules of Civil Procedure 1.220(c). This action satisfies the numerosity, commonality, typically, adequacy, predominace, and superiority requirements of this rule.

30. **Commonality Under Rule 1.220(c)(2)(B).** Common legal and factual questions exist that predominate over any questions affecting only individual Class Members. These common

questions, which do not vary among Class Members and which may be determined without reference to any Class Member's individual circumstances, include but are not limited to:

   a. Whether Defendants' representations regarding their Ultra Advanced and Ultra Power batteries were false and misleading;

   b. Whether Defendants' failure to disclose that their Ultra Advanced and Ultra Power batteries would mislead a reasonable consumer;

   c. Whether Duracell Ultra Advanced and Ultra Power batteries last materially longer than other alkaline batteries;

   d. Whether Defendants charged a price premium for their Ultra Advanced and Ultra Power batteries;

   e. Whether Defendants engaged in unfair, unlawful, and/or deceptive business practices regarding their Ultra Advanced and Ultra Power batteries in violation of the Florida Deceptive and Unfair Trade Practices Act.

   f. Whether the Defendants conduct alleged herein constitutes false advertising under Florida law.

   g. Whether Defendants represented, through their words or conduct, that Duracell Ultra Advanced and Duracell Ultra Power batteries had characteristics, uses or benefits that they did not actually have in violation of Florida law.

   h. Whether Defendants advertised Duracell Ultra Advanced and Duracell Ultra Power batteries with the intent not to sell them as advertised in violation of Florida law.

   i. Whether Plaintiff and Class have been damaged by the wrongs complained in herein, and if so, whether Plaintiff and the Class are entitled to injunctive and/or

other equitable relief, including restitution and/or actual damages, and if so, the nature and amount of such relief.

31. **Typicality Under Rule 1.220(c)(2)(C).** Plaintiff's claims are typical of the Class Members' claims. Defendants' common course of conduct caused the Plaintiff and all Class Members the same harm. In particular, Defendants' conduct caused each Class Member's economic loss. Likewise, Plaintiff and other Class Members must prove the same facts in order to establish the same claims.

32. **Numerosity Under Rule 1.220(c)(2)(D)(i).** The Class is so numerous that the individual joinder of all members in impracticable. While the Class's exact number and identity of Class Members are currently unknown and can only be ascertained through appropriate discovery, Plaintiff, on information and belief, alleges that the Class will include at least include thousands of individuals.

33. **Class Definition Under 1.220(c)(2)(D)(ii).** Plaintiff brings this class action on behalf of himself and all others similarly situated in Florida as members of a proposed Class defined as follows:

> All persons who purchased Duracell Ultra Advanced or Duracell Ultra Power batteries in the State of Florida and currently reside in the State of Florida during the period beginning four years prior to the date of filing of this complaint through the present (the "Class Period").

34. Excluded from the Class are government entities, Defendants, any entity of which Defendants have a controlling interest, and the Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class are any judges, justices, or

judicial officers presiding over this matter and the members of their immediate families and judicial staff.

35. **Adequacy of Representation Under 1.220(c)(2)(D)(iii).** Plaintiff is an adequate Class Representative because he is a Class Member, and her interests do not conflict with the Class interests. Plaintiff retained counsel competent and experienced in consumer protection class actions and Plaintiff and his counsel will fairly and adequately protect Class interests.

36. The Class can be properly maintained under Rule 1.220(b)(1). The prosecution of separate claims or defenses by or against individuals members of the class would create a risk of inconsistent or varying adjudications concerning individual members of the class and would establish incompatible standards of conduct for the party opposing the class and adjudication concerning individual members of the class which would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the adjudications, or substantially impair or impede the ability of other members of the class who are not parties to the adjudications to protect their interests.

37. The Class can be properly maintained under Rule 1.220(b)(2). Defendants have acted or refused to act, with respect to some or all issues presented in this Complaint, on grounds applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

38. The Class can be properly maintained under Rule 1.220(b)(3). A class action is superior to other available methods of the fair and efficient adjudication of this litigation because individual litigation of each Class member's claim is impracticable. Even if each class member could afford individual litigation, the court system could not. It would be unduly burdensome if thousands of individual cases proceed. Individual litigation also presents the potential for

inconsistent or contradictory judgments, the prospect of a race to the courthouse, and the risk of an inequitable allocation of recovery among those with equally meritorious claims. Individual litigation would increase the expense and delay to all parties and the courts because it requires individual resolution of common legal and factual questions. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
Violation Of FDUTPA, Sections 501.201, *et seq.*
"Unfair" Conduct.

39. Plaintiff, individually and on behalf of the Class, incorporates by reference all the allegations contained in the preceding paragraphs of this Complaint.

40. Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendants' actions as set forth above.

41. Defendants' actions as alleged in this Complaint constitute "unfair" conduct within the meaning of the FDUTPA, Sections 501.201, *et seq.*

42. Defendants' business practices, as alleged herein, are "unfair" because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to their customers. Additionally, Defendants' conduct is "unfair" because Defendants' conduct violated the legislatively declared policies in the FDUTPA. Defendants mislead consumers into believing that their Duracell Ultra Advanced and Duracell Ultra Power batteries could last longer than their other alkaline batteries when, in fact, there was no material difference in battery life. Defendants concealed this fact from consumers by failing to include it on their products' packaging or related marketing materials.

43. As a result of the Defendants' "unfair" conduct, Plaintiff and members of the Class spent money on premium-priced Ultra Advanced and Ultra Power batteries that they would not otherwise have spent and did not receive the increased battery life promised by the Defendants.

44. Defendant's wrongful business practices alleged herein constitute a continuing course of unfair competition because Defendants marked or sold their products in a manner that offends public policy and/or in a fashion that is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to their customers.

45. Plaintiff and the Class seek an order requiring Defendants to make full restitutions of all moneys they have wrongfully obtained from Plaintiff and the Class, along with all other relief permitted under FDUTPA.

### SECOND CLAIM FOR RELIEF
Violation Of FDUTPA, Sections 501.201, *et seq.*
"Deceptive" Conduct.

46. Plaintiff, individually and on behalf of the Class, incorporates by reference all the allegations contained in the preceding paragraphs of this Complaint.

47. Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendants' actions as set forth above.

48. Defendants' actions as alleged in this Complaint constitute "deceptive" conduct within the meaning of the FDUTPA, Sections 501.201, *et seq.*

49. Defendants' business practices, as alleged herein, are "deceptive" because they are likely to deceive consumers, including the Plaintiff and members of the Class.

50. Defendants failed to disclose all material information to purchasers of Duracell Ultra Advanced and Duracell Ultra Power batteries concerning the true battery life of these products

13

and affirmatively concealed the fact that there is no material difference between Ultra Advanced and Ultra Power and Duracell's other alkaline battery products.

51. As a result of the Defendants' "deceptive" conduct, Plaintiff and members of the Class spent money on premium-priced Ultra Advanced and Ultra Power batteries that they would not otherwise have spent and did not receive the increased battery life promised by the Defendants.

52. Defendant's wrongful business practices alleged herein constitute a continuing course of unfair competition because Defendants marketed and sold their products in a manner that was likely to deceive customers.

53. Plaintiff and the Class seek an order requiring Defendants to make full restitutions of all moneys they have wrongfully obtained from Plaintiff and the Class, along with all other relief permitted under FDUTPA.

### THIRD CLAIM FOR RELIEF
Violation Of FDUTPA, Sections 501.201, *et seq.*
"Unlawful" Conduct.

54. Plaintiff, individually and on behalf of the Class, incorporates by reference all the allegations contained in the preceding paragraphs of this Complaint.

55. Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendants' actions as set forth above.

56. Defendants' actions as alleged in this Complaint constitute an "unlawful" conduct within the meaning of the FDUTPA, Sections 501.201, *et seq.*, because Defendants actions were "unfair" and "deceptive" as alleged above because they violated FDUTPA.

57. As a result of the Defendants' "unlawful" conduct, Plaintiff and members of the Class spent money on premium-priced Ultra Advanced and Ultra Power batteries that they would not otherwise have spent and did not receive the increased battery life promised by the Defendants.

58. Plaintiff and the Class seek an order requiring Defendants to make full restitutions of all moneys they have wrongfully obtained from Plaintiff and the Class, along with all other relief permitted under FDUTPA.

### FORTH CLAIM FOR RELIEF
Violation Of FDUTPA, Sections 501.201, *et seq*.
"Unconscionable" Acts or Practices.

59. Plaintiff, individually and on behalf of the Class, incorporates by reference all the allegations contained in the preceding paragraphs of this Complaint.

60. Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendants' actions as set forth above.

61. Defendants' actions as alleged in this Complaint constitute "deceptive" conduct within the meaning of the FDUTPA, Sections 501.201, *et seq*.

62. Defendants' business practices, as alleged herein, are "unconscionable" because they are likely to deceive consumers, including the Plaintiff and members of the Class.

63. Defendants failed to disclose all material information to purchasers of Duracell Ultra Advanced and Duracell Ultra Power batteries concerning the true battery life of these products and affirmatively concealed the fact that there is no material difference between Ultra Advanced and Ultra Power and Duracell's other alkaline battery products.

64. As a result of the Defendants' "unconscionable" conduct, Plaintiff and members of the Class spent money on premium-priced Ultra Advanced and Ultra Power batteries that they would not otherwise have spent and did not receive the increased battery life promised by the Defendants.

65. Defendant's wrongful business practices alleged herein constitute a continuing course of unfair competition because Defendants marketed and sold their products in a manner that was likely to deceive customers.

66. Plaintiff and the Class seek an order requiring Defendants to make full restitutions of all moneys they have wrongfully obtained from Plaintiff and the Class, along with all other relief permitted under FDUTPA.

## PRAYER FOR RELIEF

67. Plaintiff, on behalf of himself and the Class, requests that the Court order the following relief and enter judgment against Defendants as follows:

   a. An Order certifying and appointing the proposed Class under Florida Rules of Civil Procedure 1.220 and appointing Plaintiff and his counsel to represent the class;

   b. A declaration that Defendants have engaged in the illegal conduct herein;

   c. An Order that Defendants be permanently enjoined from their improper activities and conduct described herein;

   d. A judgment awarding Plaintiff and the Class restitution in an amount according to proof, including actual damages and attorney's fees and all other entitled awards under Florida law in an amount to be determined by a jury.

   e. Pre-judgment and post-judgment interest and the cost of this action; and

   f. All other relief that the Court deems necessary, just and proper.

## JURY TRIAL DEMAND

68.     Plaintiff demands a trial of this action by a struck jury.

                                                        Respectfully Submitted,

*/s/ Joshua R. Gale*
Joshua R. Gale, Esquire
Florida Bar #63283
Counsel for the Plaintiff
Wiggins, Childs, Quinn & Pantazis LLC
101 N. Woodland Blvd. Suite 600
DeLand, Florida 32720
Telephone: (386) 675-6946
Fax: (386) 675-6947
JGale@WCQP.com

17