# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOSHUA D. POERTNER,       )
                            )
        Plaintiff,      )
                            )
     v.             )     CASE NO. 6:12-CV-00803-GAP-DAB
                            )
THE GILLETTE COMPANY, ET AL,  )
                            )
        Defendants.    )
                            )
_____)

## ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Defendants, The Gillette Company ("Gillette) and The Procter & Gamble Company ("P&G") (sometimes hereafter collectively referred to as, "Defendants"), hereby answer Plaintiff, Joshua Poertner's ("Plaintiff"), First Amended Class Action Complaint ("FAC") alleging violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA), Florida Statutes §§ 501.201 *et seq.*, as follows:

### SUMMARY OF THE ACTION

1.      In response to the allegations in Paragraph 1 of the FAC, Defendants admit Plaintiff purports to bring this action seeking relief under FDUTPA, Sections 501.201 *et seq.*; however, Defendants state that Plaintiff is not entitled to any relief from Defendants. Except as so expressly admitted, Defendants deny the remaining allegations.

2.      In response to the allegations in Paragraph 2 of the FAC, Defendants admit Plaintiff purports to bring this action as a putative class action against Defendants in regards to Duracell Ultra Advanced ("Ultra Advanced") and Duracell Ultra Power ("Ultra Power") batteries. Except as so expressly admitted, Defendants deny the remaining allegations.

3.      In response to the allegations in Paragraph 3 of the FAC, Defendants deny the allegations.

## PARTIES

4.      In response to the allegations in Paragraph 4 of the FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations, and on that basis Defendants deny the allegations.

5.      In response to the allegations in Paragraph 5 of the FAC, Defendants admit that Gillette is the sole owner of the Duracell brand.

6.      In response to the allegations in Paragraph 6 of the FAC, Defendants admit that Gillette is a wholly-owned subsidiary of P&G, and is a Delaware corporation with its principal place of business in Boston, Massachusetts.  Defendants admit that Gillette markets and advertises Duracell brand batteries in Florida.  Defendants deny that Gillette ships Duracell brand batteries to distributors in Florida, and deny that Gillette sells Duracell brand batteries in retail stores in Florida.  Except as expressly so admitted or denied, Defendants deny the remaining allegations.

7.      In response to the allegations in Paragraph 7 of the FAC, Defendants admit that P&G is an Ohio corporation with its principal place of business in Cincinnati.  Except as expressly so admitted, Defendants deny the remaining allegations.

## JURISDICTION AND VENUE

8.      In response to the allegations in Paragraph 8 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent the paragraph contains any allegations requiring a response, Defendants admit that the Florida state court had subject matter jurisdiction of this matter until the case was removed to this District

- 2 -

Court.  As stated in Defendants' previously filed Notice of Removal, this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d).  Defendants admit that the amount in controversy in this action exceeds $15,000.  Except as so expressly admitted, Defendants deny the remaining allegations.

9.       In response to the allegations in Paragraph 9 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent the paragraph contains any allegations requiring a response, Defendants admit that the Court has personal jurisdiction over Defendants, although Defendants deny that Gillette has sold or sells batteries in Florida, and deny that P&G has marketed, sold or sells batteries in Florida.  Except as so expressly admitted, Defendants deny the remaining allegations.

## PLAINTIFF'S ALLEGED FACTS

10.      In response to the allegations in Paragraph 10 of the FAC, Defendants admit that Gillette is a wholly-owned subsidiary of P&G, that "Duracell" is a brand owned and operated by Gillette, and that the Duracell website describes Duracell as "the world's leading manufacturer of high-performance alkaline batteries."  Except as so expressly admitted, Defendants deny the remaining allegations.

11.      In response to the allegations in Paragraph 11 of the FAC, Defendants are informed and believe that the allegations are incorrect, and on that basis Defendants deny the allegations.

12.      In response to the allegations in Paragraph 12 of the FAC, Defendants admit that Gillette sells for distribution and sale to retailers both primary and secondary batteries for consumer products, including the batteries identified in the paragraph.  Except as so expressly admitted, Defendants deny the remaining allegations.

13.     In response to the allegations in Paragraph 13 of the FAC, Defendants admit that the Ultra Advanced battery was announced on November 5, 2009. To the extent the allegations purport to summarize, characterize and/or quote any statements from the press release for the Ultra Advanced batteries, the press release speaks for itself and is the best evidence of its content; Defendants refer to the full-text of the press release for a complete and accurate recitation of its content, and deny each allegation inconsistent therewith. Except as so expressly admitted or denied, Defendants deny the remaining allegations.

14.     In response to the allegations in Paragraph 14 of the FAC, Defendants admit that for a limited period of time during the purported class period, the packaging for the Ultra Advanced battery in AA size only included the statement quoted in the paragraph. To the extent the allegations purport to summarize, characterize and/or quote any statements from the packaging for Ultra Advanced Batteries in AA size, the packaging speaks for itself and is the best evidence of its content; Defendants refer to the full text of statements on the packaging for a complete and accurate recitation of its content, and deny each allegation inconsistent therewith. Defendants deny the allegations in Paragraph 15 to the extent those allegations relate to packaging for Ultra Advanced batteries in AAA size. Except as so expressly admitted and/or denied, Defendants deny the remaining allegations.

15.     In response to the allegations in Paragraph 15 of the FAC, to the extent the allegations purport to summarize, characterize and/or quote any statements from the website product page for Duracell Ultra Advanced batteries, the website speaks for itself and is the best evidence of its content; Defendants refer to the full-text of the website for a complete and accurate recitation of its content, and deny each allegation inconsistent therewith. Except as so expressly admitted or denied, Defendants deny the remaining allegations.

23640453.1

16.     In response to the allegations in Paragraph 16 of the FAC, Defendants deny the allegations.

17.     In response to the allegations in Paragraph 17 of the FAC, Defendants admit that Gillette renamed the Ultra Advanced batteries as Ultra Power batteries, and that the initial shipment of Duracell Ultra Power batteries to retailers began on about November 2011. Defendants admit that at or around that time and thereafter, the website product pages for Ultra batteries reflected the change in branding to Ultra Power batteries, and that based on retailers' ordering patterns and inventory levels, Ultra Power branded batteries were sold by retailers in place of Ultra Advanced branded batteries as the retailers' existing Ultra Advanced battery inventories diminished.  Except as so expressly admitted, Defendants deny the remaining allegations.

18.     In response to the allegations in Paragraph 18 of the FAC, Defendants admit that Gillette has used the same MX1500 model number for its Ultra batteries over time, including for both the Ultra Advanced and Ultra Power batteries.  Except as so expressly admitted, Defendants deny the remaining allegations.

19.     In response to the allegations in Paragraph 19 of the FAC, to the extent the allegations purport to summarize, characterize and/or quote any statements from the packaging for Ultra Power Batteries, the packaging speaks for itself and is the best evidence of its content; Defendants refer to the full text of statements on the packaging for a complete and accurate recitation of its content, and deny each allegation inconsistent therewith.  Except as so expressly admitted or denied, Defendants deny the remaining allegations.

20.     In response to the allegations in Paragraph 20 of the FAC, to the extent the allegations purport to summarize, characterize and/or quote any statements from the press

website product page for Duracell Ultra Advanced batteries, the website speaks for itself and is the best evidence of its content; Defendants refer to the full-text of the website for a complete and accurate recitation of its content, and deny each allegation inconsistent therewith.  Except as so expressly admitted or denied, Defendants deny the remaining allegations.

21.     In response to the allegations in Paragraph 21 of the FAC, Defendants deny the allegations.

22.     In response to the allegations in Paragraph 22 of the FAC, Defendants deny the allegations.

23.     In response to the allegations in Paragraph 23 of the FAC, Defendants denied the allegation.

24.     In response to the allegations in Paragraph 24 of the FAC, Defendants deny the allegations.

25.     In response to the allegations in Paragraph 25 of the FAC, Defendants deny the allegations.

## PLAINTIFF JOSHUA D. POERTNER

26.     In response to the allegations in Paragraph 26 of the FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations concerning Plaintiffs' purported purchase of Ultra Advanced batteries, and on that basis Defendants deny the allegations.  As to the remaining allegations and characterizations in Paragraph 27, Defendants deny the allegations and characterizations.

27.     In response to the allegations in Paragraph 27 of the FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations concerning Plaintiffs' purported purchase of Ultra Power batteries, and on that basis Defendants deny the allegations.

23640453.1

As to the remaining allegations and characterizations in Paragraph 27, Defendants deny the allegations and characterizations.

28.     In response to the allegations in Paragraph 28 of the FAC, Defendants deny the allegations.

## CLASS ACTION ALLEGATIONS

29.     In response to the allegations in Paragraph 29 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants admit that Plaintiff purports to bring this action as a putative class action.  Defendants deny that this action may properly be maintained as a class action under any applicable laws, rules of procedure or statutes, including that this action may not properly be maintained as a class action under Federal Rule of Civil Procedure 23.  Except as so expressly admitted or denied, Defendants deny the remaining allegations.

30.     In response to the allegations in Paragraph 30 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response,  Defendants admit that Plaintiff purports to bring this action as a putative class action.  Defendants deny that this action may properly be maintained as a class action under any applicable laws, rules of procedure or statutes, including that this action may not properly be maintained as a class action under Federal Rule of Civil Procedure 23.  Defendants deny that this case satisfies any of the criteria or requirements necessary for a class action.  Except as so expressly admitted or denied, Defendants deny the remaining allegations.

23640453.1

31.     In response to the allegations in Paragraph 31 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny that this action may properly be maintained as a class action under any applicable laws, rules of procedure or statutes, including that this action may not properly be maintained as a class action under Federal Rule of Civil Procedure 23.  Defendants deny that this case satisfies any of the criteria or requirements necessary for a class action.  Except as so expressly admitted or denied, Defendants deny the remaining allegations.

32.     In response to the allegations in Paragraph 32 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny that this action may properly be maintained as a class action under any applicable laws, rules of procedure or statutes, including that this action may not properly be maintained as a class action under Federal Rule of Civil Procedure 23.  Defendants deny that this case satisfies any of the criteria or requirements necessary for a class action.  Except as so expressly admitted or denied, Defendants deny the remaining allegations.

33.     In response to the allegations in Paragraph 33 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny that this action may properly be maintained as a class action under any applicable laws, rules of procedure or statutes, including that this action may not properly be maintained as a class action under Federal Rule of Civil Procedure 23.  Defendants deny that this case satisfies any of the criteria

or requirements necessary for a class action.  Except as so expressly admitted or denied, Defendants deny the remaining allegations.

34.     In response to the allegations in Paragraph 34 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny that this action may properly be maintained as a class action under any applicable laws, rules of procedure or statutes, including that this action may not properly be maintained as a class action under Federal Rule of Civil Procedure 23.  Defendants deny that this case satisfies any of the criteria or requirements necessary for a class action.  Defendants deny that the proposed class definition is proper or legally sufficient.  Except as so expressly admitted or denied, Defendants deny the remaining allegations.

35.     In response to the allegations in Paragraph 35 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny that this action may properly be maintained as a class action under any applicable laws, rules of procedure or statutes, including that this action may not properly be maintained as a class action under d Federal Rule of Civil Procedure 23.  Defendants deny that this case satisfies any of the criteria or requirements necessary for a class action.  Defendants deny that the proposed class definition is proper or legally sufficient.  Except as so expressly admitted or denied, Defendants deny the remaining allegations.

36.     In response to the allegations in Paragraph 36 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny that this action may

23640453.1

properly be maintained as a class action under any applicable laws, rules of procedure or statutes, including that this action may not properly be maintained as a class action under Federal Rule of Civil Procedure 23. Defendants deny that this case satisfies any of the criteria or requirements necessary for a class action. Defendants deny that the proposed class definition is proper or legally sufficient. Except as so expressly admitted or denied, Defendants deny the remaining allegations.

37.     In response to the allegations in Paragraph 37 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required. To the extent that the paragraph contains any allegations requiring a response, Defendants deny that this action may properly be maintained as a class action under any applicable laws, rules of procedure or statutes, including that this action may not properly be maintained as a class action under Federal Rule of Civil Procedure 23. Defendants deny that this case satisfies any of the criteria or requirements necessary for a class action. Defendants deny that the proposed class definition is proper or legally sufficient. Except as so expressly admitted or denied, Defendants deny the remaining allegations.

38.     In response to the allegations in Paragraph 38 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required. To the extent that the paragraph contains any allegations requiring a response, Defendants deny that this action may properly be maintained as a class action under any applicable laws, rules of procedure or statutes, including that this action may not properly be maintained as a class action under Federal Rule of Civil Procedure 23. Defendants deny that this case satisfies any of the criteria or requirements necessary for a class action. Defendants deny that the proposed class

definition is proper or legally sufficient.  Except as so expressly admitted or denied, Defendants deny the remaining allegations.

39.      In response to the allegations in Paragraph 39 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny that this action may properly be maintained as a class action under any applicable laws, rules of procedure or statutes, including that this action may not properly be maintained as a class action under Federal Rule of Civil Procedure 23.  Defendants deny that this case satisfies any of the criteria or requirements necessary for a class action.  Defendants deny that the proposed class definition is proper or legally sufficient.  Except as so expressly admitted or denied, Defendants deny the remaining allegations.

## FIRST CLAIM FOR RELIEF
### (Violation of FDUTPA, Sections 501.201, *et seq.* – "Unfair" Conduct)

40.      In response to the allegations in Paragraph 40 of the FAC, Defendants reassert and incorporate by reference Paragraphs 1-39, above, as though fully set forth herein.

41.      In response to the allegations in Paragraph 41 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

42.      In response to the allegations in Paragraph 42 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

43.      In response to the allegations in Paragraph 43 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

23640453.1

44.    In response to the allegations in Paragraph 44 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

45.    In response to the allegations in Paragraph 45 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

46.    In response to the allegations in Paragraph 46 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations and deny that Plaintiff and the proposed putative class are entitled to any relief whatsoever.

## SECOND CLAIM FOR RELIEF
### (Violation of FDUTPA, Sections 501.201, *et seq.* – "Deceptive" Conduct)

47.    In response to the allegations in Paragraph 47 of the FAC, Defendants reassert and incorporate by reference Paragraphs 1-46, above, as though fully set forth herein.  In further response to the allegations contained in Paragraph 47 of the FAC, Defendants state that the FAC is an impermissible shotgun pleading.  Shotgun complaints are not sufficient pleadings.  As explained by the  Eleventh Circuit:

> The typical shotgun complaint contains several counts, each one
> incorporating by reference the allegations of its predecessors,
> leading to a situation where most of the counts (i.e., all but the
> first) contain irrelevant factual allegations and legal conclusions.

*Washington v. Dep't of Children and Families*, 256 Fed. App. 326, 328 (11th Cir. 2007) (internal citations omitted).   In such a situation, "it is 'virtually impossible to know which allegations of fact are intended to support which claim(s) for relief,' and a party faced with such a complaint is not expected to draft a responsive pleading."  *Id.* (internal citations omitted).  "When faced with

a shotgun pleading, the trial court, whether or not requested to do so by the party's adversary, ought to require the party to file a repleader." *United States v. McInteer*, 470 F. 3d 1350, 1354 n. 6 (11th Cir. 2006) (internal citations omitted); *Wagner v. First Horizon Pharm. Corp.*, 464 F. 3d 1273, 1279 (11th Cir. 2006) (criticizing shotgun pleadings as interfering with efficient use of judicial resources). In the case at bar, the FAC is a shotgun pleading, with several counts, each one incorporating by reference the allegations of its predecessors. Because the Amended Complaint is a shotgun pleading, the Court should require Plaintiff to file a repleader.

48.     In response to the allegations in Paragraph 48 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required. To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

49.     In response to the allegations in Paragraph 49 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required. To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

50.     In response to the allegations in Paragraph 50 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required. To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

51.     In response to the allegations in Paragraph 51 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required. To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

52.     In response to the allegations in Paragraph 52 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required. To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

53.     In response to the allegations in Paragraph 53 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

54.     In response to the allegations in Paragraph 54 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations and deny that Plaintiff and the proposed putative class are entitled to any relief whatsoever.

### THIRD CLAIM FOR RELIEF
**(Violation of FDUTPA, Sections 501.201, *et seq.* – "Unlawful" Conduct)**

55.     In response to the allegations in Paragraph 55 of the FAC, Defendants reassert and incorporate by reference Paragraphs 1-54, above, as though fully set forth herein.   In further response to the allegations contained in Paragraph 60, Defendants state that this Count of the FAC is an impermissible shotgun pleading.

56.     In response to the allegations in Paragraph 56 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

57.     In response to the allegations in Paragraph 57 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

58.     In response to the allegations in Paragraph 58 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

59.     In response to the allegations in Paragraph 59 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the

paragraph contains any allegations requiring a response, Defendants deny the allegations and deny that Plaintiff and the proposed putative class are entitled to any relief whatsoever.

## FOURTH CLAIM FOR RELIEF
### (Violation of FDUTPA, Sections 501.201 et seq. – "Unconscionable" Acts or Practices)

60.    In response to the allegations in Paragraph 60 of the FAC, Defendants reassert and incorporate by reference Paragraphs 1-59, above, as though fully set forth herein.  In further response to the allegations contained in Paragraph 60, Defendants state that this Count of the FAC is an impermissible shotgun pleading.

61.    In response to the allegations in Paragraph 61 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

62.    In response to the allegations in Paragraph 62 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

63.    In response to the allegations in Paragraph 63 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

64.    In response to the allegations in Paragraph 64 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

65.    In response to the allegations in Paragraph 65 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

23640453.1

66.    In response to the allegations in Paragraph 66 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

67.    In response to the allegations in Paragraph 67 of the FAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations and deny that Plaintiff and the proposed putative class are entitled to any relief whatsoever.

## ANSWER TO ALLEGATIONS RE: PLAINTIFF'S PRAYER FOR RELIEF

68.    In response to the allegations in Plaintiff's Prayer for Relief in the FAC, this paragraph contains Plaintiff's prayer for relief on each of its claims, and does not contain any allegations requiring a response from Defendants.  To the extent that any response is required, Defendants deny that Plaintiff and the proposed putative class are entitled to the relief sought in the FAC and Prayer for Relief, or any relief whatsoever, and deny each and every allegation in the Prayer.

69.    The allegations in Paragraph 69 of the FAC require no response on the part of Defendants.

## GENERAL DENIAL

70.    Defendants deny all other allegations not previously admitted, denied, or otherwise controverted herein.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

71.     The FAC, and each cause of action therein, fails to set forth facts sufficient to state a claim upon which relief may be granted against Defendants, and each of them, and further fails to state facts sufficient to entitle Plaintiff and the proposed putative class, and each of them, to the relief sought, or to any other relief whatsoever from Defendants, and each of them.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

72.     Plaintiff and the putative class members, and each of them, lack standing to pursue the FAC, and each claim or cause of action therein, against Defendants.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

73.     Plaintiff and the putative class members, and each of them, are barred from raising some or all of the claims in the FAC under the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

74.     Plaintiffs and the putative class members, and each of them, are barred from raising some or all of the claims in the FAC under the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

75.     Plaintiffs and the putative class members, and each of them, are barred from raising some or all of the claims in the FAC under the doctrine of laches.

23640453.1

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

76.     Plaintiffs and the putative class members, and each of them, are barred from raising some or all of the claims in the FAC under the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Injunctive Relief Unavailable)

77.     Equitable and injunctive relief are barred because Plaintiff and the putative class members, and each of them, have available remedies at law.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

78.     The FAC, and each and every count therein, is barred, in whole or in part, because Plaintiff and the putative class members, and each of them, would be unjustly enriched if they, or any of them, recovered anything in this action.

## NINTH AFFIRMATIVE DEFENSE

### (No Causation)

79.     The alleged acts and/or omissions, if any, of Defendants were not the proximate cause of the losses, damage or injuries alleged in the FAC.

## TENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

80.     Each and every one of Plaintiffs' causes of action fail because they are uncertain.

23640453.1

## ELEVENTH AFFIRMATIVE DEFENSE

### (Consent)

81.     The FAC, and each and every cause of action contained therein, is barred because Plaintiff and the putative class members, and each of them, consented to the acts forming the basis of the Plaintiff's allegations with actual and/or constructive knowledge of their rights and without undue influence.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Investigate)

82.     Plaintiff and the putative class members, and each of them, failed to investigate matters alleged in the FAC, and either disregarded known information or failed to exercise reasonable care in ascertaining information.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Apportionment)

83.     Any damages or restitution that may be awarded to Plaintiff and the putative class members, and any of them, must be apportioned to correspond proportionately with the total amount that any such damages or restitution can be attributed to actions by Defendants, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Conduct of Others)

84.     The FAC, and each and every count therein, is barred because if Plaintiff or the putative class members, and each of them, were injured and damaged as alleged, which is specifically denied, then the injuries and damages were caused, in whole or in part, by the acts

or omissions of others, whether individual, corporate, or otherwise, whether named or

unnamed in the FAC, for whose conduct Defendants are not responsible.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

85.    The FAC, and each and every count therein, is barred, in whole or in part,

because Plaintiff and the putative class members, and each of them, failed to make reasonable

efforts to mitigate such purported injury or damages, which reasonable efforts would have

prevented their alleged injury or damages, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Voluntary Payment)

86.    The FAC, and each and every count therein, is barred, in whole or in part, as to

Plaintiff and the putative class members, and each of them, by the voluntary payment doctrine.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Offset)

87.    Defendants are entitled to an offset in the amount of any damages, restitution,

and settlements recovered by Plaintiff and the putative class members, and each of them, for

the injuries alleged in the FAC should any such damages or restitution be awarded to Plaintiff

and the putative class members, or any of them.  Defendants are also entitled to have any

damages or restitution that may be awarded to Plaintiff and the putative class members, or any

of them, offset by the value of any benefit conferred upon, or payment made to, Plaintiff and

the putative class members by Defendants or any collateral source by the actions alleged in the

FAC.

23640453.1

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Quantum Valebant / Meruit)

88.     The FAC, and each and every count thereof, is barred or must be reduced to the extent of goods and/or services received by Plaintiff and the putative class members under the doctrine of quantum valebant or quantum meruit.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Good Faith Conduct)

89.     The FAC, and each and every count thereof, is barred because the alleged conduct of Defendants was not unfair and was undertaken in good faith for a valid business purpose.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Benefits Outweigh any Harm)

90.     The FAC, and each and every count thereof, is barred to the extent that the benefits of Gillette's products outweigh any harm or impact to consumers.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Reasonable Reliance)

91.     The FAC, and each and every count thereof, is barred to the extent that the allegedly misleading statements are statements that no consumer could reasonably rely upon or mistake as an assertion of fact.

23640453.1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (First Amendment)

92.     The FAC, and each and every count thereof, is barred to the extent that it

violates Defendants' rights under the United States and Florida Constitutions by, among other

things, violating Defendants' First Amendment rights of petition and free speech.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Preemption)

93.     The FAC, and each and every count thereof, is barred by the doctrine of

preemption.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Advertising Not Likely to Deceive)

94.     The FAC, and each and every count thereof, is barred to the extent that the

alleged advertising is not likely to deceive reasonable consumers.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Contributory and Comparative Fault)

95.     Any injuries sustained by Plaintiff or the putative class members were caused,

in whole or in part, by Plaintiff and the putative class members' contributory or comparative

negligence, fault, and want of due care, and therefore Plaintiff and the putative class members

are barred from any recovery, or any recoverable damages must be reduced in proportion to the

amount of negligence attributable to Plaintiff and the putative class members.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Justification/Privilege)

96.     The FAC, and each and every count thereof, is barred in whole or in part because the actions by Defendants of which Plaintiff complains, even if proved, were justified and/or privileged.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Truth)

97.     The FAC, and each and every count thereof, alleging untrue or misleading statements, is barred because all information communicated to the public within such statements was true.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Non-Actionable Puffery)

98.     The FAC, and each and every count thereof, alleging untrue or misleading statements is barred because each of the alleged statements constitute non-actionable puffery.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Defenses Available Under Other Law)

99.     To the extent that the laws of other jurisdictions apply, Defendants invokes each and every statutory and common-law protection available to it under the laws of those other jurisdictions with respect to each of the claims alleged in the FAC.

23640453.1

## THIRTIETH AFFIRMATIVE DEFENSE

### (Falsity of Plaintiffs' Allegations and Claims)

100.   Plaintiffs intentionally pled facts which are known to be false and Defendants are entitled to an award of sanctions, fees and costs pursuant to Federal Rule of Civil Procedure 11 and other applicable rules, statutes and laws.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Class Action)

101.   The FAC does not plead facts supporting class certification on any basis, the claims are not suitable for class certification and Plaintiff and the putative class members, and each of them, cannot establish any of the prerequisite for a class action under Rule 23, and, therefore, no class can be certified or maintained in this action.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Unconstitutional as Applied)

102.   Plaintiff's claims, in whole or in part, violate Defendants rights under the United States and Florida Constitutions by invoking FDUTPA, Sections 501.201 *et seq.* in a manner that renders the requirements of those provisions unconstitutionally vague and uncertain.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

103.   The FAC, and each and every count therein, is barred in whole or in part by the applicable statute(s) of limitations.

23640453.1

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

104.    The FAC, and each and every count therein, is barred to the extent that it seeks to impose liability based on conduct that is otherwise protected by statute.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Reservation of Rights – Additional Affirmative Defenses)

105.    Defendants reserve the right to assert additional affirmative defenses as discovery and investigation proceeds in this action.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (No Damages)

106.    The Plaintiff and the potential class members have suffered no damages and as such, Defendants demand strict proof of all damages alleged by Plaintiff including his claim for actual damages under Florida's Deceptive and Unfair Trade Practices Act.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendants respectfully request that this Court enter the following relief:

1.    That judgment be entered in favor of Defendants on all causes of action;

2.    That Plaintiff and the proposed putative class, and each of them, take nothing by way of the FAC;

3.    That Defendants be awarded their attorneys' fees, costs and expenses as permitted by law; and

4.    Such other and further relief as the Court may deem just and proper.

23640453.1

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants hereby demand a jury trial of all issues triable by jury in this action.

**DATED:**  Friday, June 15, 2012.

/s/ Jason A. Perkins
JASON A. PERKINS, ESQ.
Florida Bar Number 610852
Jperkins@carltonfields.com
JOHANNA W. CLARK, ESQ.
Florida Bar Number 196400
Jclark@carltonfields.com
D. MATTHEW ALLEN, ESQ.
Florida Bar Number 866326
Mallen@carltonfields.com
CARLTON FIELDS, P.A.
CNL Center at City Commons
450 S. Orange Avenue, Suite 500
Orlando, FL 32801-3336
Telephone:    407.849.0300
Facsimile:    407.648.9099

DARREN K. COTTRIEL, ESQ.
*PRO HAC VICE ADMISSION*
California Bar Number 184731
dcottriel@jonesday.com
Jones Day
3161 Michelson Drive, Suite 800
Irvine, California 92612
Telephone:    949-553-7548
Facsimile:    949-553-7539

ROBERT A. MITTELSTAEDT, ESQ.
*PRO HAC VICE ADMISSION*
California Bar Number 60359
ramittelstaedt@jonesday.com
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:    415-626-3939
Facsimile:    415-875-5700

Attorneys for Defendants

23640453.1

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on Friday, June 15, 2012, I electronically filed the foregoing with the Clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following: Joshua Gale.

/s/ Jason A. Perkins_____
Attorney

23640453.1