**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| JOSHUA D. POERTNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO: 6:12-CV-00803-GAP-DAB |
| | ) |
| THE GILLETTE COMPANY and | ) |
| THE PROCTOR & GAMBLE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR RELIEF FROM LOCAL RULE 4.04(b)**

Comes Now the plaintiff, Joshua D. Poertner, and moves the Court to enter an order relieving plaintiff from the July 19, 2012 filing deadline imposed by Local Rule 4.04(b) and imposing a new deadline of May 10, 2013. As grounds for this motion, plaintiff states the following:

1. This matter was initially commenced in the Circuit Court for Volusia County, Florida on April 20, 2012. Defendants removed the case to this Court on May 25, 2012.

2. The parties conducted their mandatory case management conference on June 18, 2012. The resulting Joint Case Management Report will be filed on or before July 2, 2012.

3. Although this case was not removed until May 25, 2012, by operation of Local Rule 4.04(b), within 90 days of filing his *complaint*, plaintiff arguably must move for a determination under Rule 23, Fed. R. Civ. P., "as to whether the case is to be maintained as a class action." Such motion is to be "supported by a memorandum" which obviously

should include sufficient facts and evidence to pass the "rigorous analysis" test imposed upon Rule 23 motions. Accordingly, the filing deadline in this matter is July 19, 2012, a mere 17 days after the parties filed their Joint Case Management Report. Initial disclosures under Rule 26(a)(1), Fed. R. Civ. P., are not due until August 1, 2012, and plaintiff served his First Requests for Production to defendants on June 29, 2012. Defendants have yet to initiate discovery.

      4. Although the parties agree that the July 19, 2012 deadline should be extended, the have been unable to agree upon what these deadlines should be within their Joint Case Management Report. (See Joint Case Management Report filed July 2, 2012). The parties agreed to bifurcate class and merit discovery, with class discovery beginning and concluding first. However, the parties diverge on the length of time necessary to properly conduct class discovery. Defendants propose November 5, 2012 as the class discovery deadline and a January 4, 2013 deadline for filing a motion for class certification. Plaintiff proposes April 12, 2013 for the class discovery deadline and May 10, 2013 for the class motion deadline. Because it is plaintiffs' burden to establish the requirements for Rule 23 certification, he necessarily believes that significant time must be attributed to class discovery. Defendants, on the other hand, would rather rush the process in hopes that plaintiff will be unable to meet the "rigorous analysis" test ultimately conducted by the court upon plaintiff's Rule 23 motion.

      5. Pivotal issues to be addressed at the class certification stage in this case are whether certain alkaline batteries marketed and sold in Florida by defendants last longer than other batteries and whether there is actually any real difference in the batteries sold

by defendants for various prices. Defense counsel has advised that defendants will produce an enormous volume of battery testing material which they believe supports their product representations. Plaintiff needs adequate time to properly evaluate this information which will most likely require an expert who will also produce testing information and a report. Each side, in turn, must have sufficient time to digest the competing evidence, prepare additional discovery requests, depose fact and expert witnesses and prepare competing pleadings regarding class certification. Obviously, such a task cannot be competently completed by even the end of this year.

6. Further, defendants "deny that this case satisfies any of the criteria or requirements necessary for a class action." *See* Defendants' Answer to First Amended Complaint at ¶¶ 31-39. Consequently, plaintiff must receive and evaluate documents and information from defendants relating to other "class issues" such as the volume of products sold by defendants in Florida (numerosity), the advertising, marketing and packaging of defendants' products sold in Florida (commonality and typicality of claims), and defendants' Florida sales data (damages, scope of the class). Upon receipt of this information, plaintiff should be allowed sufficient time to review what will likely be tens of thousands of pages (if not more) of documents and then depose defendants' witnesses about such documents. This task cannot be competently completed by the end of this year.

7. Effective class discovery for this case will require at least nine months as proposed in plaintiff's Case Management Report. Indeed, it is plaintiff's counsels' experience that class discovery in such cases requires at least nine months to be

3

completed fairly and accurately. Because plaintiff bears the burden of establishing every element of Rule 23, *Vega v. T-Mobile USA, Inc*., 564 F.3d 1256, 1267 (11th Cir. 2009), plaintiff asks the court for significant additional time within which to properly conduct and complete class related discovery.

**Wherefore, Premises Considered**, plaintiff moves the court to enter an order extending the LR 4.04(b) deadline for filing a motion for class certification until May 10, 2013.

Respectfully Submitted,

/s/ Joshua R. Gale_____
Joshua R. Gale
Florida Bar No. 63283
WIGGINS, CHILDS, QUINN &
PANTAZIS, LLC
MELLON, WEBSTER & SHELLY
101 N. Woodland Blvd.
Suite 600
DeLand, FL 32720
Telephone: (386) 675-6946
Facsimile: (386) 675-6947
Email: JGale@WCQP.com
*Attorney for the Plaintiff*

**OF COUNSEL:**
E. Clayton Lowe, Jr.
*PRO HAC VICE ADMISSION*
Peter A. Grammas
PRO HAC VICE ADMISSION
Lowe & Grammas, LLP
Liberty Park
1952 Urban Center Parkway
Vestavia Hills, AL 35242
Telephone: (205) 380-2400
Fax: (205) 380-2408
clowe@lowegrammas.com
pgrammas@lowegrammas.com

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)**

Pursuant to Local Rule 3.01(g) of the Local Rules of the United States District for the Middle District of Florida, counsel for Plaintiff has conferred with counsel for Defendants regarding the relief sought in this motion and Defendants oppose the relief sought herein.

/s/ Joshua R. Gale

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 2, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>  Jason A. Perkins, Esq.
>  Johanna W. Clark, Esq.
>  D. Matthew Allen, Esq.
>  CARLTON FIELDS, P.A.
>  CNL Center at City Commons
>  450 S. Orange Avenue, Suite 500
>  Orlando, FL 32801-3336
>
>  Darren K. Cottriel, Esq.
>  JONES DAY
>  3161 Michelson Drive, Suite 800
>  Irvine, California 92612
>
>  Robert A. Mittelstaedt, Esq.
>  JONES DAY
>  555 California Street, 26th Floor
>  San Francisco, CA 94104

6

/s/ Joshua R. Gale_____
Joshua R. Gale