## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | | |
|---|---|---|
| JOSHUA D. POERTNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 6:12-CV-00803-GAP-DAB |
| | ) | |
| THE GILLETTE COMPANY, ET AL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## ANSWER TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants, The Gillette Company ("Gillette") and The Procter & Gamble Company ("P&G") (sometimes hereafter collectively referred to as, "Defendants"), hereby answer Plaintiff, Joshua Poertner's ("Plaintiff"), Second Amended Class Action Complaint ("SAC") alleging violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statutes §§ 501.201 *et seq*., as follows:

## JURISDICTION AND VENUE

1.      In response to the allegations in Paragraph 1 of the SAC, the allegations are legal conclusions and/or arguments to which not response is required.  To the extent the paragraph contains any allegations requiring a response, Defendants admit that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d).  Except as so expressly admitted, Defendants deny the remaining allegations.

2.      In response to the allegations in Paragraph 2 of the SAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent the paragraph contains any allegations requiring a response, Defendants admit that the Court has personal jurisdiction over Defendants, although Defendants deny that Gillette has distributed or sold

batteries in Florida, and deny that P&G has marketed, advertised, distributed or sold batteries in Florida.  Except as so expressly admitted, Defendants deny the remaining allegations.

       3.       In response to the allegations in Paragraph 3 of the SAC, Defendants admit that the Middle District of Florida is a proper venue for this action.  Defendants admit that Gillette has engaged in marketing and advertising of Duracell batteries in Florida, but deny that Gillette has engaged in sales or distribution of Duracell batteries in Florida.  Defendants deny that P&G has marketed, advertised, distributed or sold Duracell batteries in Florida.  Except as so expressly admitted, Defendants deny the remaining allegations.

## NATURE OF THE ACTION

       4.       In response to the allegations in Paragraph 4 of the SAC, Defendants admit Plaintiff purports to bring this action as a putative class action against Defendants in regards to Duracell Ultra Advanced ("Ultra Advanced") and Duracell Ultra Power ("Ultra Power") batteries.  Defendants admit that Gillette is a wholly-owned subsidiary of P&G.  Defendants admit that Gillette manufactures Duracell batteries.  Except as so expressly admitted, Defendants deny the remaining allegations.

       5.       In response to the allegations in Paragraph 5 of the SAC, Defendants deny the allegations.

       6.       In response to the allegations in Paragraph 6 of the SAC, Defendants admit Plaintiff purports to bring this action seeking relief under FDUTPA, Sections 501.201 *et seq.*; however, Defendants state that Plaintiff is not entitled to any relief from Defendants.  Except as so expressly admitted, Defendants deny the remaining allegations.

## PARTIES

       7.       In response to the allegations in Paragraph 7 of the SAC, Defendants lack sufficient knowledge or information to admit or deny the allegations, and on that basis Defendants deny the allegations.

8.      In response to the allegations in Paragraph 8 of the SAC, Defendants admit that Gillette is the owner of the Duracell brand.  Defendants admit that Gillette is a wholly-owned subsidiary of P&G, and is a Delaware corporation with its principal place of business in Boston, Massachusetts.  Defendants admit that Gillette markets and advertises Duracell brand batteries in Florida.  Defendants admit that Duracell batteries are manufactured by Gillette, and that the batteries are sold to distributors/retailers who then distribute and sell the batteries in various markets, including in Florida.  Except as expressly so admitted or denied, Defendants deny the remaining allegations.

9.      In response to the allegations in Paragraph 9 of the SAC, Defendants admit that P&G is an Ohio corporation with its principal place of business in Cincinnati.  Defendants deny that P&G maintains contacts within the state of Florida or ships batteries to distributors in Florida.  Defendants deny that P&G sells batteries in Florida or advertises batteries in Florida. Duracell batteries are manufactured by Gillette, and the batteries are sold to distributors/retailers who then distribute and sell the batteries in various markets, including in Florida.  Defendants admit that P&G is the parent company to Gillette and in that capacity exercises some level of control over Gillette.  Except as expressly so admitted, Defendants deny the remaining allegations.

## PLAINTIFF'S ALLEGED FACTS

10.      In response to the allegations in Paragraph 10 of the SAC, Defendants admit that the Duracell website describes Duracell as "the world's leading manufacturer of high-performance alkaline batteries."  Except as so expressly admitted, Defendants deny the remaining allegations.

11.      In response to the allegations in Paragraph 11 of the SAC, Defendants are informed and believe that the allegations are incorrect, and on that basis Defendants deny the allegations.

12.     In response to the allegations in Paragraph 12 of the SAC, Defendants admit that Gillette manufactures and markets to retailers both primary and secondary batteries for consumer products, including the batteries identified in the paragraph.  Except as so expressly admitted, Defendants deny the remaining allegations.

13.     In response to the allegations in Paragraph 13 of the SAC, Defendants admit that the Ultra Advanced battery was announced on November 5, 2009.  To the extent the allegations purport to summarize, characterize and/or quote any statements from the press release for the Ultra Advanced batteries, the press release speaks for itself and is the best evidence of its content; Defendants refer to the full-text of the press release for a complete and accurate recitation of its content, and deny each allegation inconsistent therewith.  Except as so expressly admitted or denied, Defendants deny the remaining allegations.

14.     In response to the allegations in Paragraph 14 of the SAC, Defendants admit that for a limited period of time during the purported class period, the packaging for the Ultra Advanced battery in AA size only included the statement quoted in the paragraph.  To the extent the allegations purport to summarize, characterize and/or quote any statements from the packaging for Ultra Advanced batteries in AA size, the packaging speaks for itself and is the best evidence of its content; Defendants refer to the full text of statements on the packaging for a complete and accurate recitation of its content, and deny each allegation inconsistent therewith. Defendants deny the allegations in Paragraph 14 to the extent those allegations relate to packaging for Ultra Advanced batteries in AAA size.  Except as so expressly admitted and/or denied, Defendants deny the remaining allegations.

15.     In response to the allegations in Paragraph 15 of the SAC, to the extent the allegations purport to summarize, characterize and/or quote any statements from the website product page for Duracell Ultra Advanced batteries, the website speaks for itself and is the best evidence of its content; Defendants refer to the full-text of the website for a complete and accurate recitation of its content, and deny each allegation inconsistent therewith.  Except as so expressly admitted or denied, Defendants deny the remaining allegations.

16.     In response to the allegations in Paragraph 16 of the SAC, Defendants deny the allegations.

17.     In response to the allegations in Paragraph 17 of the SAC, Defendants admit that Gillette renamed the Ultra Advanced batteries as Ultra Power batteries, and that the initial shipment of Duracell Ultra Power batteries to retailers began on or after November 2011. Defendants admit that at or after that time, the website product pages for Ultra batteries reflected the change in branding to Ultra Power batteries, and that based on retailers' ordering patterns and inventory levels, Ultra Power branded batteries were sold by retailers in place of Ultra Advanced branded batteries as the retailers' existing Ultra Advanced battery inventories diminished. Except as so expressly admitted, Defendants deny the remaining allegations.

18.     In response to the allegations in Paragraph 18 of the SAC, Defendants admit that Gillette has used the same MX1500 model number for its AA size Ultra batteries over time, including for both the Ultra Advanced and Ultra Power batteries.  Except as so expressly admitted, Defendants deny the remaining allegations.

19.     In response to the allegations in Paragraph 19 of the SAC, to the extent the allegations purport to summarize, characterize and/or quote any statements from the packaging for Ultra Power batteries, the packaging speaks for itself and is the best evidence of its content; Defendants refer to the full text of statements on the packaging for a complete and accurate recitation of its content, and deny each allegation inconsistent therewith.  Except as so expressly admitted or denied, Defendants deny the remaining allegations.

20.     In response to the allegations in Paragraph 20 of the SAC, to the extent the allegations purport to summarize, characterize and/or quote any statements from the website product page for Duracell Ultra Advanced batteries, the website speaks for itself and is the best evidence of its content; Defendants refer to the full-text of the website for a complete and accurate recitation of its content, and deny each allegation inconsistent therewith.  Except as so expressly admitted or denied, Defendants deny the remaining allegations.

21.     In response to the allegations in Paragraph 21 of the SAC, Defendants deny the allegations.

22.     In response to the allegations in Paragraph 22 of the SAC, Defendants deny the allegations.

23.     In response to the allegations in Paragraph 23 of the SAC, Defendants deny the allegation.

24.     In response to the allegations in Paragraph 24 of the SAC, Defendants deny the allegations.

25.     In response to the allegations in Paragraph 25 of the SAC, Defendants deny the allegations.

26.     In response to the allegations in Paragraph 26 of the SAC, Defendants lack sufficient knowledge or information to admit or deny the allegations concerning Plaintiff's purported purchase of Ultra Advanced batteries and on that basis Defendants deny the allegations.  As to the remaining allegations and characterizations in Paragraph 26, Defendants deny the allegations and characterizations.

27.     In response to the allegations in Paragraph 27 of the SAC, Defendants lack sufficient knowledge or information to admit or deny the allegations concerning Plaintiff's purported purchase of Ultra Power batteries, and on that basis Defendants deny the allegations. As to the remaining allegations and characterizations in Paragraph 27, Defendants deny the allegations and characterizations.

28.     In response to the allegations in Paragraph 28 of the SAC, Defendants deny the allegations.

## CLASS ACTION ALLEGATIONS

29.     In response to the allegations in Paragraph 29 of the SAC, the allegations are legal conclusions and/or arguments to which not response is required.  To the extent the paragraph contains any allegations requiring a response, Defendants admit that Plaintiff purports to bring

this action as a putative class action.  Defendants deny that this action may properly be maintained as a class action under Federal Rule of Civil Procedure 23.  Defendants further deny that the proposed class definition is proper or legally sufficient, or that Plaintiff has standing to represent the proposed class, as defined.  Except as so expressly admitted or denied, Defendants deny the remaining allegations.

30.     In response to the allegations in Paragraph 30 of the SAC, the allegations are legal conclusions and/or arguments to which not response is required.  To the extent the paragraph contains any allegations requiring a response, Defendants admit that Plaintiff purports to bring this action as a putative class action.  Defendants deny that this action may properly be maintained as a class action under Federal Rule of Civil Procedure 23.  Defendants further deny that the proposed class definition is proper or legally sufficient.  Except as so expressly admitted or denied, Defendants deny the remaining allegations.

31.     In response to the allegations in Paragraph 31 of the SAC, the allegations are legal conclusions and/or arguments to which not response is required.  To the extent the paragraph contains any allegations requiring a response, Defendants admit that Plaintiff purports to bring this action as a putative class action.  Defendants deny that this action may properly be maintained as a class action under Federal Rule of Civil Procedure 23.

32.     In response to the allegations in Paragraph 32 of the SAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny that this action may properly be maintained as a class action under Federal Rule of Civil Procedure 23, and Defendants deny each and every remaining allegation.

33.     In response to the allegations in Paragraph 33 of the SAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny that this action may properly be maintained as a class action under Federal Rule of Civil Procedure 23, and Defendants deny each and every remaining allegation.

34.     In response to the allegations in Paragraph 34 of the SAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny that this action may properly be maintained as a class action under Federal Rule of Civil Procedure 23, and Defendants deny each and every remaining allegation.

35.     In response to the allegations in Paragraph 35 of the SAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny that this action may properly be maintained as a class action under Federal Rule of Civil Procedure 23, and Defendants deny each and every remaining allegation.

36.     In response to the allegations in Paragraph 36 of the SAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny that this action may properly be maintained as a class action under Federal Rule of Civil Procedure 23, and Defendants deny each and every remaining allegation

37.     In response to the allegations in Paragraph 37 of the SAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny that this action may properly be maintained as a class action under Federal Rule of Civil Procedure 23, and Defendants deny each and every remaining allegation.

## FIRST CLAIM FOR RELIEF

**Violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Sections 501.201, *et seq.*, Florida Statutes (2005)**

38.     In response to the allegations in Paragraph 38 of the SAC, Defendants reassert and incorporate by reference Paragraphs 1-37, above, as though fully set forth herein.

39.     In response to the allegations in Paragraph 39 of the SAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

40.     In response to the allegations in Paragraph 40 of the SAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

41.     In response to the allegations in Paragraph 41 of the SAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

42.     In response to the allegations in Paragraph 42 of the SAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

43.     In response to the allegations in Paragraph 43 of the SAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

44.     In response to the allegations in Paragraph 44 of the SAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations and deny that Plaintiff and the proposed putative class are entitled to any relief whatsoever.

45.     In response to the allegations in Paragraph 45 of the SAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations and deny that Plaintiff and the proposed putative class are entitled to any relief whatsoever.

46.     In response to the allegations in Paragraph 46 of the SAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

47.     In response to the allegations in Paragraph 47 of the SAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

48.     In response to the allegations in Paragraph 48 of the SAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations and deny that Plaintiff and the proposed putative class are entitled to any relief whatsoever.

49.     In response to the allegations in Paragraph 49 of the SAC, the allegations are legal conclusions and/or arguments to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations and deny that Plaintiff and the proposed putative class are entitled to any relief whatsoever.

### ANSWER TO ALLEGATIONS RE: PLAINTIFF'S PRAYER FOR RELIEF

50.     In response to the allegations in Plaintiff's Prayer for Relief in the SAC, this paragraph does not contain any allegations requiring a response from Defendants.  To the extent that any response is required, Defendants deny that Plaintiff and the proposed putative class are entitled to the relief sought in the SAC and Prayer for Relief, or any relief whatsoever, and deny each and every allegation in the Prayer.  In further response to the allegations in Plaintiff's Prayer for Relief in the SAC, Defendants state that as a matter of law, Plaintiff is not entitled to punitive damages under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA).  *See Rollins, Inc. v. Heller*, 454 So. 2d 580, 585 (Fla. Dist. Ct. App. 1984) ("A claim for punitive damages is outside the scope of chapter 501 and FDUTPA.").

### ANSWER TO ALLEGATIONS RE: PLAINTIFF'S JURY TRIAL DEMAND

51.     The allegations in Plaintiff's Jury Trial Demand of the SAC require no response on the part of Defendants.

## GENERAL DENIAL

52.     Defendants deny all other allegations not previously admitted, denied, or otherwise controverted herein.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

53.     The SAC, and each cause of action therein, fails to set forth facts sufficient to state a claim upon which relief may be granted against Defendants, and each of them, and further fails to state facts sufficient to entitle Plaintiff and the proposed putative class, and each of them, to the relief sought, or to any other relief whatsoever from Defendants, and each of them.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

54.     Plaintiff and the putative class members, and each of them, lack standing to pursue the SAC, and each claim or cause of action therein, against Defendants.  Plaintiff also lacks standing to represent the putative class on whose behalf he purports to bring this action.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

55.     Plaintiff and the putative class members, and each of them, are barred from raising some or all of the claims in the SAC under the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

56.     Plaintiff and the putative class members, and each of them, are barred from raising some or all of the claims in the SAC under the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

57.    Plaintiff and the putative class members, and each of them, are barred from raising some or all of the claims in the SAC under the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

58.    Plaintiff and the putative class members, and each of them, are barred from raising some or all of the claims in the SAC under the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Injunctive Relief Unavailable)

59.    Equitable and injunctive relief are barred because Plaintiff and the putative class members, and each of them, have available remedies at law.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

60.    The SAC, and each and every count therein, is barred, in whole or in part, because Plaintiff and the putative class members, and each of them, would be unjustly enriched if they, or any of them, recovered anything in this action.

## NINTH AFFIRMATIVE DEFENSE

### (No Causation)

61.    The alleged acts and/or omissions, if any, of Defendants were not the proximate cause of the losses, damage or injuries alleged in the SAC.

## TENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

62.    Each and every one of Plaintiff's causes of action fail because they are uncertain.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Consent)

63.     The SAC, and each and every cause of action contained therein, is barred because Plaintiff and the putative class members, and each of them, consented to the acts forming the basis of the Plaintiff's allegations with actual and/or constructive knowledge of their rights and without undue influence.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Investigate)

64.     Plaintiff and the putative class members, and each of them, failed to investigate matters alleged in the SAC, and either disregarded known information or failed to exercise reasonable care in ascertaining information.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Apportionment)

65.     Any damages or restitution that may be awarded to Plaintiff and the putative class members, and any of them, must be apportioned to correspond proportionately with the total amount that any such damages or restitution can be attributed to actions by Defendants, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Conduct of Others)

66.     The SAC, and each and every count therein, is barred because if Plaintiff or the putative class members, and each of them, were injured and damaged as alleged, which is specifically denied, then the injuries and damages were caused, in whole or in part, by the acts or omissions of others, whether individual, corporate, or otherwise, whether named or unnamed in the SAC, for whose conduct Defendants are not responsible.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

67.     The SAC, and each and every count therein, is barred, in whole or in part, because Plaintiff and the putative class members, and each of them, failed to make reasonable efforts to mitigate such purported injury or damages, which reasonable efforts would have prevented their alleged injury or damages, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Voluntary Payment)

68.     The SAC, and each and every count therein, is barred, in whole or in part, as to Plaintiff and the putative class members, and each of them, by the voluntary payment doctrine.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Offset)

69.     Defendants are entitled to an offset in the amount of any damages, restitution, and settlements recovered by Plaintiff and the putative class members, and each of them, for the injuries alleged in the SAC should any such damages or restitution be awarded to Plaintiff and the putative class members, or any of them.  Defendants are also entitled to have any damages or restitution that may be awarded to Plaintiff and the putative class members, or any of them, offset by the value of any benefit conferred upon, or payment made to, Plaintiff and the putative class members by Defendants or any collateral source by the actions alleged in the SAC.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Quantum Valebant / Meruit)

70.     The SAC, and each and every count thereof, is barred or must be reduced to the extent of goods and/or services received by Plaintiff and the putative class members under the doctrine of quantum valebant or quantum meruit.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Good Faith Conduct)

71.     The SAC, and each and every count thereof, is barred because the alleged conduct of Defendants was not unfair and was undertaken in good faith for a valid business purpose.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Benefits Outweigh any Harm)

72.     The SAC, and each and every count thereof, is barred to the extent that the benefits of Gillette's products outweigh any harm or impact to consumers.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Reasonable Reliance)

73.     The SAC, and each and every count thereof, is barred to the extent that the allegedly misleading statements are statements that no consumer could reasonably rely upon or mistake as an assertion of fact.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (First Amendment)

74.     The SAC, and each and every count thereof, is barred to the extent that it violates Defendants' rights under the United States and Florida Constitutions by, among other things, violating Defendants' First Amendment rights of petition and free speech.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Preemption)

75.     The SAC, and each and every count thereof, is barred by the doctrine of preemption.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Advertising Not Likely to Deceive)

76.     The SAC, and each and every count thereof, is barred to the extent that the alleged advertising is not likely to deceive reasonable consumers.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Contributory and Comparative Fault)

77.     Any injuries sustained by Plaintiff or the putative class members were caused, in whole or in part, by Plaintiff and the putative class members' contributory or comparative negligence, fault, and want of due care, and therefore Plaintiff and the putative class members are barred from any recovery, or any recoverable damages must be reduced in proportion to the amount of negligence attributable to Plaintiff and the putative class members.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Justification/Privilege)

78.     The SAC, and each and every count thereof, is barred in whole or in part because the actions by Defendants of which Plaintiff complains, even if proved, were justified and/or privileged.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Truth)

79.     The SAC, and each and every count thereof, alleging untrue or misleading statements, is barred because all information communicated to the public within such statements was true.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Non-Actionable Puffery)

80.     The SAC, and each and every count thereof, alleging untrue or misleading statements is barred because each of the alleged statements constitute non-actionable puffery.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Defenses Available Under Other Law)

81.     To the extent that the laws of other jurisdictions apply, Defendants invokes each and every statutory and common-law protection available to it under the laws of those other jurisdictions with respect to each of the claims alleged in the SAC.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Falsity of Plaintiff's Allegations and Claims)

82.     Plaintiff intentionally pled facts which are known to be false and Defendants are entitled to an award of sanctions, fees and costs pursuant to Federal Rule of Civil Procedure 11 and other applicable rules, statutes and laws.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Class Action)

83.     The SAC does not plead facts supporting class certification on any basis, the claims are not suitable for class certification and Plaintiff and the putative class members, and each of them, cannot establish any of the prerequisite for a class action under Rule 23, and, therefore, no class can be certified or maintained in this action.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Unconstitutional as Applied)

84.     Plaintiff's claims, in whole or in part, violate Defendants rights under the United States and Florida Constitutions by invoking FDUTPA, Sections 501.201 *et seq*. in a manner that renders the requirements of those provisions unconstitutionally vague and uncertain.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

85.     The SAC, and each and every count therein, is barred in whole or in part by the applicable statute(s) of limitations.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

86.     The SAC, and each and every count therein, is barred to the extent that it seeks to impose liability based on conduct that is otherwise protected by statute.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Reservation of Rights – Additional Affirmative Defenses)

87.     Defendants reserve the right to assert additional affirmative defenses as discovery and investigation proceeds in this action.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (No Damages)

88.     The Plaintiff and the potential class members have suffered no damages and as such, Defendants demand strict proof of all damages alleged by Plaintiff including his claim for actual damages or difference in value under Florida's Deceptive and Unfair Trade Practices Act.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that this Court enter the following relief:

1.     That judgment be entered in favor of Defendants on all causes of action;

2.     That Plaintiff and the proposed putative class, and each of them, take nothing by way of the SAC;

3.     That Defendants be awarded their attorneys' fees, costs and expenses as permitted by law, including under the Florida Deceptive and Unfair Trade Practices Act, Sections 501.201, *et seq*., Florida Statutes; and

4.     Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants hereby demand a jury trial of all issues triable by jury in this action.

**DATED:** Wednesday, October 8, 2012.

Respectfully submitted,

*/s/ Darren K. Cottriel*
DARREN K. COTTRIEL, ESQ.
Pro Hac Vice Admission
California Bar # 184731
dcottriel@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612
Telephone:     949.553.7548
Facsimile:     949.553.7539

ROBERT A. MITTELSTAEDT, ESQ.
Pro Hac Vice Admission
California Bar # 60359
ramittelstaedt@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     (415) 626-3939
Facsimile:     (415) 875-5700

JASON A. PERKINS, ESQ.
Florida Bar Number 610852
Jperkins@carltonfields.com
JOHANNA W. CLARK, ESQ.
Florida Bar Number 196400
Jclark@carltonfields.com
D.MATTHEW ALLEN, ESQ.
Florida Bar Number 866326
Mallen@carltonfields.com
CARLTON FIELDS, P.A.
450 S. Orange Avenue, Suite 500
Orlando, Florida 32801
Telephone:     407.849.0300
Facsimile:     407.648.9099

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2012, I electronically filed the foregoing with the

Clerk of the court by using the CM/ECF system which will send a notice of electronic filing to

the following:

> JOSHUA R. GALE, ESQ.
> Florida Bar Number 63283
> JGale@WCQP.com
> Wiggins, Childs, Quinn & Pantazis LLC
> 101 N. Woodland Blvd., Suite 600
> DeLand, Florida 32720
> Telephone:  386.675.6946
> Facsimile: 386.675.6947
> Attorneys for Plaintiff
>
> E. Clayton Lowe, Jr.
> Pro Hac Vice Admission
> Peter A. Grammas
> Pro Hac Vice Admission
> Lowe & Grammas, LLP
> Liberty Park
> 1952 Urban Center Parkway
> Vestavia Hills, AL 35242
> Telephone: (205) 380-2400
> Fax: (205) 380-2408
> clowe@lowegrammas.com
> pgrammas@lowegrammas.com

> _/s/Darren K. Cottriel_____
> Darren K. Cottriel