UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JOSHUA D. POERTNER, Individually and on behalf of all others similarly situated; | ) ) ) ) ) |
| Plaintiff, | ) CASE NO:<br>) 6:12-CV-00803-GAP-DAB ) |
| v. | ) ) |
| THE GILLETTE COMPANY, and<br>THE PROCTER & GAMBLE COMPANY, | ) ) ) |
| Defendants. | ) |

**THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff Joshua D. Poertner ("Plaintiff" or "Poertner"), on behalf of himself and all others similarly situated, by and through his undersigned counsel, and hereby files his Third Amended Complaint against Defendants The Gillette Company and The Procter & Gamble Company, and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because the amount in controversy exceeds $5,000,000 exclusive of interest and costs, there are more than one hundred Class members, and minimal diversity exists because Plaintiff and numerous members of the Class are citizens of different states than Defendants.

2. This Court has personal jurisdiction over Defendants because Defendants have sufficient minimum contacts with Florida, and/or Defendants have otherwise purposely

availed themselves of the markets in Florida through the promotion, marketing, and sale of their products and services in Florida to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

3.     Venue is proper under 28 U.S.C. § 1391(a) because (1) Defendants are subject to personal jurisdiction in the Middle District of Florida, and (2) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Defendants engaged in the extensive promotion, marketing, distribution, and sales of the products at issue in this District, and Plaintiff is a resident of this District and purchased the products at issue in this District.

## NATURE OF THE ACTION

4.     This is a class action brought on behalf of consumers who purchased Duracell premium-priced Ultra Advanced and Ultra Power batteries based on Defendants' false promise that Ultra Advanced and Ultra Power batteries would last longer and are more powerful than Duracell's competing, lower-cost batteries, i.e., the CopperTop.  The Duracell brand batteries are manufactured by Defendant The Gillette Company ("Gillette"), which is a wholly owned subsidiary of Defendant The Proctor and Gamble Company ("P&G") (collectively "Defendants").

5.     Defendants engaged in a scheme to mislead consumers about the benefits of these premium-priced batteries by falsely advertising to consumers that Defendants' Duracell Ultra Advanced and Ultra Power brand batteries are premium to, and last significantly longer than competing, lower-cost Duracell brand batteries and thereby command a premium price.

6. Defendants concealed and misrepresented material facts concerning the true battery life and power of their Ultra Advanced and Ultra Power products, and Plaintiff and all reasonable consumers relied on Duracell's marketing scheme and paid a premium price for batteries with no material difference in battery life than Duracell's lower-priced batteries, i.e., the CopperTop. Plaintiff and the class he seeks to represent were damaged as a result. As such, this is an action for injunctive relief, damages, attorneys' fees and costs and other statutory relief as allowed pursuant to the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Sections 501.201, *et seq.*, Florida Statutes. (2005), as well as those similar deceptive and unfair practices and/or consumer protection laws in other states.

## **PARTIES**

7. Plaintiff Joshua D. Poertner is a citizen of Florida and resides in Deland, Volusia County, Florida. Plaintiff purchased Duracell Ultra Advanced and Duracell Ultra Power batteries in Florida during the below defined class period.

8. Gillette is the owner of the Duracell battery brand. Gillette, a wholly-owned subsidiary of P&G, is a Delaware corporation with its principle place of business in Boston, Massachusetts. Gillette maintains extensive contacts within the State of Florida. Gillette markets and advertises Duracell brand batteries nationwide. Gillette ships its batteries to distributors in Florida, and its batteries are sold in retail stores throughout the United States.

9. Defendant P&G is an Ohio corporation with its principal place of business in Cincinnati, Ohio. P&G maintains extensive contacts within the State of Florida and ships its products to distributors in Florida. Its products are sold in retail stores throughout the United

States, and it advertises its products nationwide. P&G also exercises control over the activities of its wholly-owned subsidiary Gillette with regard to manufacturing, sales and marketing of Duracell batteries.

## FACTS

10. Gillette describes itself as "the world's leading manufacturer of high-performance alkaline batteries."

11. In 2011, the U.S. market for consumer batteries was approximately $13 billion. Duracell's share of the global market for consumer batteries was approximately 25%. Its share of the U.S. battery market has been estimated at 40% to 50%.

12. Duracell sells both primary (disposable) and secondary (rechargeable) batteries for use in consumer products. Current primary battery products include Duracell CopperTop and Duracell Quantum, and Duracell previously sold Duracell Ultra batteries (alternatively branded as Duracell Ultra Advanced and Duracell Ultra Power). Secondary battery products include Duracell Rechargeable and Duracell Rechargeable StayCharged.

13. On November 5, 2009, Duracell announced its new Ultra Advanced battery, which was available in AA and AAA sizes. In its press release announcing Ultra Advanced, Duracell described the product as follows:

> The Duracell Ultra Advanced battery line is designed to meet the demands of the widest range of devices consumers rely on to protect and enjoy their lives including flashlights, smoke detectors, baby monitors and radios. As the latest product in the Duracell Smart Power portfolio, **Ultra Advanced with POWERCHECK lasts up to 30 percent longer in toys than the previous Ultra Digital, which are the largest category for battery usage and a key torture test for batteries.**

4

(Emphasis added).

14. Throughout the Class Period, the product packaging for Duracell Ultra Advanced batteries included the statement, "Up to 30% Longer in Toys*" with an asterisk that included the disclaimer "vs. Ultra Digital" in small print. This product package is displayed at the top of the following page:



15. In addition, Duracell's web site stated on the product page for Duracell Ultra Advanced: "Ideal for high-drain devices, these batteries give you up to 30% more power in toys than Ultra Digital batteries" and "Use with high drain devices, including battery-powered toys, high-powered flashlights, and video game controllers."

16. In truth, however, Duracell Ultra Advanced batteries fail to last materially longer than Duracell's other alkaline batteries, i.e., the CopperTop. Despite Defendants' representations to the contrary, there is no meaningful difference in battery life or "power" between Duracell Ultra Advanced and Duracell's other alkaline batteries.

17. Beginning in approximately January 2012, Defendants began to phase out their Ultra Advanced batteries and replace them with batteries branded as "Ultra Power". Duracell's website product pages replaced the Ultra Power brand with the Ultra Advanced brand, and the Ultra Power brand also began replacing the Ultra Advanced brand in retail stores.

18. Both the Ultra Advanced and Ultra Power branded batteries use the same model number, MX1500, and there is no meaningful difference between the two batteries, absent the change in branding and marketing.

19. On the product packaging for Duracell Ultra Power batteries, Defendants prominently state that the battery is "Our Longest Lasting" on the front of the package. On the back of the package, Defendants also include a chart indicating that Duracell CopperTop batteries are "For Everyday Devices" and Duracell Ultra Power batteries are for "When It Matters Most." The product package for Duracell Ultra Power batteries is displayed below:



20. On Duracell's website for Ultra Power, Defendants describe Ultra Power as "Our Longest Lasting" and state, "Ultra Power is Duracell's most powerful alkaline battery. If you're using a device that requires high battery output, Ultra Power is the way to go." Duracell's website also states that "Duracell Ultra Power batteries offer premium power for many of your devices, including: Battery-powered toys, Video game controllers, High-powered flashlights, Digital cameras, and Radio clocks."

21. In truth, however, Duracell Ultra Power batteries do not last materially longer than Duracell's other alkaline batteries. Despite Defendants' representations to the contrary, there is no meaningful difference in battery life between Duracell Ultra Power and Duracell's other alkaline batteries, i.e., the lower-priced Duracell CopperTop.

22. Defendants conspicuously failed to disclose that Ultra Advanced and Ultra Power branded batteries provide no meaningful difference in battery life or "power" from any of their other alkaline battery products, i.e. the CopperTop. Coupled with their

7

statements on the products' packaging and elsewhere that their batteries were more powerful and would either last "up to 30% longer" or are "our longest lasting," Defendants' glaring omission that there is no meaningful difference between their alkaline batteries would, and did, mislead reasonable consumers.

23. Because Defendants' claims were placed directly on the front of the products' packaging, at point of sale, and in other advertising, and there is no corresponding disclosure that Duracell's batteries do not materially differ in battery life or power, a reasonable consumer would likely be misled into believing that Duracell's Ultra Advanced and Ultra Power products would last longer and provide more power than Duracell's regular alkaline batteries, i.e., the CopperTop. This deception occurs directly at the point of sale when it is most likely to affect a consumer's purchasing decision. Indeed, it was, at all times material hereto, Defendant's marketing scheme to influence consumers to "trade-up" from the CopperTop to the allegedly "premium" Ultras and pay a higher "premium" price.

24. As a result of Defendants' deceptive marketing scheme, consumers purchased Duracell's Ultra Advanced and Ultra Power batteries based on the false belief that the batteries were "premium" to, would last materially longer and were more powerful than Duracell's regular alkaline batteries. These consumers paid significantly higher prices with no meaningful additional benefits.

25. Duracell Ultra Advanced and Ultra Power batteries retail at a substantial premium price over Duracell's standard CopperTop batteries and cost on average $0.30 more per battery (or $2.40 per eight-pack), or approximately 40% more than the approximate average retail price charged for the Duracell CopperTop. Therefore, all consumers who

purchased Ultra Advanced or Ultra Power batteries have been injured by Defendants' deceptive marketing scheme and are owed restitution.

26. In 2010, Plaintiff Poertner purchased Duracell Ultra Advanced batteries in size AA from a retail store in Florida. Poertner saw the deceptive representations on the product packaging that Duracell Ultra Advanced batteries lasted "up to 30% longer" and believed that the batteries would last longer than Duracell's other batteries. Due to Defendants' misrepresentations and omissions, Poertner did not know that there was no meaningful difference between the battery life or power of Duracell Ultra Advanced batteries and Duracell's other alkaline batteries. Had Poertner known that Duracell Ultra Advanced batteries did not last materially longer than Duracell's other alkaline batteries, Poertner would not have purchased Duracell Ultra Advanced batteries.

27. Poertner also purchased Duracell Ultra Power batteries in size AA from a retail store in Florida. Poertner saw the deceptive representations on the product packaging that Duracell Ultra Power batteries were Duracell's "longest lasting" batteries and believed that the batteries would last longer than Duracell's other batteries. Due to Defendants' omissions, Poertner did not know that there was no material difference between the battery life of Duracell Ultra Power batteries and Duracell's other alkaline batteries. Had Poertner known that Duracell Ultra Power batteries did not last materially longer than Duracell's other alkaline batteries, Poertner would not have purchased Duracell Ultra Advanced batteries.

28. Poertner, and each class member has been injured by paying more for Duracell Ultra Advanced and Duracell Ultra Power batteries than he would have absent Defendants' deception.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this class action on behalf of himself and all other similarly situated consumers pursuant to Fed.R.Civ.P. 23(a) and 23(b).  The class of persons whom Plaintiff seeks to represent is defined as follows:

> All Persons in the United States (including all U.S. territories and Puerto Rico) who purchased size AA or AAA Duracell brand Ultra Advanced and/or Ultra Power batteries at Retail from or after June 2009, excluding those who purchased the batteries for resale or distribution to others.

30.      Excluded from the Class are the following:

> (i) All federal judges to whom this Action is assigned and members of their families within the first  degree of consanguinity, (ii) all officers and directors of P&G, (iii) all Persons who validly and timely exclude themselves from the class, and (iv) all Persons who have settled with, released, or otherwise had claims adjudicated on the merits against P&G that are substantially similar to those alleged in this Action.

31.     This action is brought and may properly be maintained as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these rules.

32.     The Class is so numerous that the individual joinder of all members is impracticable. While the exact number of class members is currently unknown and can only be ascertained through appropriate discovery, Plaintiff alleges that the Class includes at least millions of individuals.

33. Common legal and factual questions exist and predominate over any questions affecting only individual Class members. These common questions, which do not vary among Class members and which may be determined without reference to any Class member's individual circumstances, include, but are not limited to:

   a. Whether Defendants' representations regarding their Ultra Advanced and Ultra Power batteries were false and misleading or reasonably likely to deceive;

   b. Whether Defendants had adequate substantiation for their claims prior to making them;

   c. Whether Defendants' failure to disclose that their Ultra Advanced and Ultra Power batteries did not last materially longer than their other alkaline batteries would mislead a reasonable consumer;

   d. Whether Duracell Ultra Advanced and Ultra Power batteries last materially longer than their other alkaline batteries;

   e. Whether Duracell Ultra Advanced and Ultra Power batteries are more powerful than Defendants' other alkaline batteries;

   f. Defendants charged a price premium for their Ultra Advanced and Ultra Power batteries;

   g. Whether Defendants engaged in unfair, unlawful, and/or deceptive business practices regarding their Ultra Advanced and Ultra Power batteries in violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA),

    Sections 501.201, *et seq.*, Florida Statutes. (2005), as well as those similar deceptive and unfair practices and/or consumer protection laws in other states;

  h. Whether Defendants conduct alleged herein violates public policy;

  i. Whether Plaintiff and the Class have been damaged by the wrongs complained of herein, and if so, whether Plaintiff and the Class are entitled to injunctive and/or other equitable relief, including restitution, and if so, the nature and amount of such relief.

  34. Plaintiff's claims are typical of the Class members' claims. Defendants' common course of conduct caused Plaintiff and all Class members the same harm. In particular, Defendants' conduct caused each Class member's economic losses. Likewise, Plaintiff and other Class members must prove the same facts in order to establish the same claims.

  35. Plaintiff is an adequate Class representative because he is a member of the class he seeks to represent and his interests do not conflict with other Class members' interests. Plaintiff retained counsel competent and experienced in consumer protection class actions, and Plaintiff and his counsel intend to prosecute this action vigorously for the class's benefit. Plaintiff and his counsel will fairly and adequately protect Class interests.

  36. The Class may be properly maintained under Rule 23(b)(2). Defendants have acted or refused to act, with respect to some or all issues presented in this Complaint, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

37. The Class can be properly maintained under Rule 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual litigation of each Class member's claim is impracticable. Even if each Class member could afford to bring individual actions, the court system could not. It would be unduly burdensome for thousands of individual cases proceed. Individual litigation also presents the potential for inconsistent or contradictory judgments, the prospect of a race to the courthouse, and the risk of an inequitable allocation of recovery among those with equally meritorious claims. Individual litigation would increase the expense and delay to all parties and the courts because it requires individual resolution of common legal and factual questions. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT I

**Violation Of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Sections 501.201, *et seq*., Florida Statutes. (2005) and Similar Laws of Other States**

38. Plaintiff hereby incorporates by reference all of the factual allegations contained in the preceding paragraphs of this Third Amended Complaint as if fully set forth herein.

39. Defendants violate and continue to violate Florida's Deceptive and Unfair Trade Practices Act and similar laws of other states by engaging in unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices in the conduct of their businesses.

40. Plaintiff is a consumer as defined by Fla. Stat. §501.203 and has standing to pursue this claim because he has suffered injury in fact and has lost money or property as a result of Defendants' actions as set forth above.

41. The Duracell batteries in question a goods within the meaning of the Act, and Defendants are engaged in commerce with the meaning of the Act.

42. Fla. Stat. §501.204(1) declares unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

43. Defendants' conduct alleged herein violates the legislatively declared policies in the FDUTPA, as well as those similar consumer protection laws in other states. Defendants misled consumers into believing that their Duracell Ultra Advanced and Duracell Ultra Power batteries would last longer and were more powerful than their other alkaline batteries when, in fact, there was no material difference in battery life or power. Defendants concealed this fact from consumers by failing to include it on their products' packaging or related marketing materials.

44. As a result of Defendants' "unfair" or "deceptive" conduct, Plaintiff and members of the Class spent money on premium-priced Ultra Advanced and Ultra Power batteries that they would not otherwise have spent and did not receive the increased "premium" benefits Defendants promised.

45. Defendants have repeatedly violated the FDUTPA (as well as those similar deceptive and unfair practices and/or consumer protection laws in other states) by intentionally engaging in the unfair and deceptive practices as described herein that offend public policies and are immoral, unethical, unscrupulous and substantially injurious to consumers.

46. Plaintiff and the Class have been aggrieved by Defendants' unfair and deceptive practices because they purchased the offending Duracell Ultra batteries described herein.

47. The damages Plaintiff and the Class suffered were directly and proximately caused by the deceptive, misleading and unfair practices of Defendants as more fully described herein.

48. Pursuant to Fla. Stat. §§501.211(2) and 501.2105 (and similar laws of other states), Plaintiff and the Class seek damages, attorneys' fees, and the costs of prosecuting this action.

49. Pursuant to Fla. Stat. §501.211(1), and similar laws of other states, Plaintiff and the Class seek a declaratory judgment and court order enjoining the above-described wrongful acts and practices of Defendants and for restitution and disgorgement.

**PRAYER FOR RELIEF**

Plaintiff, on behalf of himself and the Class, requests that the Court order the following relief and enter judgment against Defendants as follows:

a. An Order certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the class;

b. A declaration that Defendants have engaged in the illegal conduct described herein;

c. An Order awarding declaratory and injunctive relief as permitted by law or equity, including permanently enjoining Defendants from continuing their unlawful practices as set forth herein;

d. A judgment awarding in favor of Plaintiff and the Class, and against the Defendants, actual damages, punitive damages, disgorgement and restitution in an amount according to proof and all other entitled awards under the FDUTPA, and similar laws of other states;

e. An Order directing Defendants to engage in a corrective advertising campaign;

f. An Order and judgment awarding Plaintiff and his counsel attorney fees and costs incurred in prosecuting this action;

g. An Order and judgment awarding Plaintiff and the class pre-judgment and post-judgment interest; and

h. An Order and judgment awarding all other relief that the Court deems necessary, just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

/s/ Joshua R. Gale

                                                                                     Joshua R. Gale, Esquire
Florida Bar #63283
Counsel for the Plaintiff
Wiggins, Childs, Quinn & Pantazis LLC
101 N. Woodland Blvd. Suite 600
Deland, Florida 32720
Telephone: (386) 675-6946
Fax: (386) 675-6947
JGale@WCQP.com

**OF COUNSEL:**

E. Clayton Lowe, Jr.
PRO HAC VICE ADMISSION
**The Lowe Law Firm, LLC**
301 19th Street North, Suite 525
Birmingham, Al 35203
Telephone: (205) 314-0607
Facsimile: (205) 314-0707
clowe@claylowelaw.com

Peter A. Grammas
PRO HAC VICE ADMISSION
**The Law Office of Peter A. Grammas**
1114 Lake Colony Lane
Vestavia, AL 35242
Telephone: (205) 970-9708
pete@grammaslaw.com

Robert C. Schubert
Noah M. Schubert
PRO HAC VICE ADMISSION PENDING
**Schubert Jonckheer & Kolbe LLP**
3 Embarcadero Ctr Ste 1650
San Francisco, CA 94111
Telephone: (415) 788-4220
Facsimile: (415) 788-0161
rschubert@schubertlawfirm.com
nschubert@schubertlawfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on October _____ , 2013, I electronically filed the foregoing with the Clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

    *Attorneys for Defendants:*

    Jason A. Perkins, Esq.
    Johanna W. Clark, Esq.
    D. Matthew Allen, Esq.
    CARLTON FIELDS, P.A.
    CNL Center at City Commons
    450 S. Orange Avenue, Suite 500
    Orlando, FL 32801-3336
    Telephone: (407) 849-0300
    Facsimile: (407) 648-9099

    Darren K. Cottriel, Esq.
    JONES DAY
    3161 Michelson Drive, Suite 800
    Irvine, Florida 92612
    Telephone: (949) 553-7548
    Facsimile: (949) 553-7539

    Robert A. Mittelstaedt, Esq.
    JONES DAY
    555 Florida Street, 26th Floor
    San Francisco, CA 94104
    Telephone: (415) 626-3939
    Facsimile: (415) 875-5700

                                        /s/ Joshua R. Gale___
                                        Joshua R. Gale