**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JOSHUA D. POERTNER,**

      **Plaintiff,**

**v.**                                    **CASE NO: 6:12-CV-00803-GAP-DAB**

**THE GILLETTE COMPANY and
THE PROCTER & GAMBLE
COMPANY,**

      **Defendants.**
_____/

**ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT, DIRECTING DISSEMINATION OF NOTICE AND
OTHER RELIEF**

      1.      Before the Court is Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and for Order Directing Dissemination of Notice and for Other Relief, with attached Class Action Settlement Agreement ("Motion") filed by Joshua D. Poertner ("Plaintiff") (Doc. 113). Defendants, The Gillette Company and the Procter & Gamble Company (hereinafter "Defendants") (together with Plaintiff, the "Parties"), do not oppose the Motion. The Motion requests that the Court enter an Order: (1) preliminarily certifying the Settlement Class indentified in the Class Action Settlement Agreement ("Settlement Agreement") and Third Amended Complaint; (2) appointing Class Counsel; (3) appointing Plaintiff as Class Representative; (4) Preliminarily approving the Settlement Agreement entered into by the Parties; (5) appointing a Settlement Administrator; (6) directing that notice be disseminated to the Settlement Class; (7) setting a final fairness hearing; and (8) granting such further relief as the Court deems just.

Having reviewed and considered the Settlement Agreement, the Motion and Plaintiff's Memorandum supporting the Motion, and good cause appearing, the Court makes the findings and grants the relief set forth below, preliminarily approving the Settlement contained in the Settlement Agreement upon the terms and conditions set forth in this Order. Terms and phrases in this Order shall have the same meaning as defined in the Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Court has subject matter jurisdiction under 28 U.S.C. §1331, and venue is proper in this district.

2. The Court has personal jurisdiction over the Plaintiff and Class Representative, Settlement Class Members, including the named Plaintiff in the related California Action, and Defendants.

3. The Settlement was the result of the parties' good-faith negotiations. The Settlement was entered into by experienced counsel and only after extensive arm's length negotiations, including the assistance of an experienced mediator. The Settlement Agreement is not the result of collusion.

4. The proceedings that occurred before the Parties reached the Settlement Agreement gave counsel opportunity to adequately assess this case's strengths and weaknesses – and thus to structure the Settlement in a way that adequately accounts for those strengths and weaknesses.

5. The Settlement falls well within the range of reason. The Settlement has no obvious deficiencies.

6. Because the Settlement meets the standards for preliminary approval, the Motion is GRANTED, and the court preliminarily approves all terms of the Settlement, including the Settlement Agreement and all of its exhibits.

7. Having made the findings set forth below, the Court hereby certifies a plaintiff class for settlement purposes only in accordance with the terms of the Settlement Agreement (the "Settlement Class"). The Court conditionally finds, that for settlement purposes only and conditioned upon the entry of this Order and a Final Order and Judgment, and the occurrence of the Effective Date, the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied because:

(a) the Settlement Class is so numerous that joinder of all members is impracticable;

(b) there are questions of law and fact common to the Settlement Class;

(c) the claims of the Named Plaintiff are typical of the claims of members of the Settlement Class;

(d) Named Plaintiff and Class Counsel will fairly and adequately represent the interests of the Settlement Class;

(e) for purposes of settlement only, questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class; and

(f) for purposes of settlement only, certification of the Settlement Class is superior to other methods for the fair and efficient adjudication of this controversy.

Accordingly, the Court hereby certifies the Settlement Class, for settlement purposes only, pursuant to Rule 23.

8. The Settlement Class is defined as:

> All Persons in the United States (including all U.S. territories and Puerto Rico) who purchased size AA or AAA Duracell brand Ultra Advanced and/or Ultra Power batteries at Retail from or after June 2009, excluding those who purchased the batteries for resale or distribution to others.
>
> Excluded from the settlement class are the following: (i) All federal judges to whom this Action, the California Action or my similar related action are assigned and members of their families within the first degree of consanguinity, (ii) all officers and directors of P&G, (iii) all Persons who validly and timely exclude themselves from the Settlement Class, and (iv) all Persons who have settled with, released, or otherwise had claims adjudicated on the merits against P&G that are substantially similar to those alleged in this Action.

9. The Court preliminarily approves the Settlement set forth in the Settlement Agreement as fair, reasonable, and adequate within the meaning of Rule 23 and the Class Action Fairness Act of 2005 ("CAFA"), subject to consideration at the Final Fairness Hearing provided for below.

10. Plaintiff Joshua D. Poertner is designated as Class Representative.

11. Dennis G. Pantazis and Joshua R. Gale of Wiggins Childs Quinn & Pantazis, LLC, E. Clayton Lowe, Jr. of The Lowe Law Firm, LLC, Robert C. Schubert and Noah M. Schubert of Schubert Jonckheer & Kolbe LLP, and Peter A. Grammas of The Law Office of Peter A. Grammas are appointed as counsel for the Settlement Class ("Class Counsel").

12. A hearing (the "Final Fairness Hearing") will be conducted before the Court on March 21, 2014 at 1:00 p.m., in Courtroom 5A, United States District Court for the Middle District of Florida, Orlando Division, located at 401 West Central Blvd., Orlando, FL

32801, to determine: (a) whether the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class; (b) whether a judgment as provided in the Settlement Agreement should be entered granting final approval of the settlement; and (c) the amount of attorneys' fees, costs, and expenses to be paid to Class Counsel, as well as the amount of the Class Representative Payment. The Court may adjourn and/or continue the Final Fairness Hearing without further notice to Settlement Class Members.

13. The deadline for submitting claim forms is April 10, 2014. In order to participate in the Settlement and receive a payment under the Settlement, members of the Settlement Class must mail or electronically submit to the Settlement Administrator a properly executed Claim Form. To be valid, any such Claim Form must be postmarked or electronically submitted by no later than the deadline stated above, and must otherwise comply with the procedures and instructions set forth in the Claim Form.

14. The proposed Class Notice and Claim Form are approved as to form and content. The Court finds that the content of the Class Notice and the Claim Form satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and due process and accordingly approves them.

15. The Court approves and appoints Kurtzman Carson Consultants, LLC ("KCC") as Settlement Administrator.

16. The Parties, through the Claims Administrator, shall comply with the obligation to give notice under CAFA, 28 U.S.C. § 1715, in connection with the proposed settlement. No later than March 12, 2014, the Claims Administrator shall file with the Court

one or more declarations stating that the Parties have complied with its obligations under 28 U.S.C. § 1715.

17. Class Notice shall be published by December 6, 2013. Notice shall be issued consistent with the Settlement Agreement. The Claims Administrator shall establish the Settlement Website by December 6, 2013.

18. The Court finds that compliance with the Notice Plan is the best practicable notice under the circumstances and constitutes due and sufficient notice of this Order to all persons entitled thereto and is in full compliance with the requirements of Rule 23, applicable law, and due process.

19. No later than February 18, 2014, the Settlement Administrator shall file with the Court one or more declarations stating that, in accordance with the terms of this Order, the Notice Plan was complied with.

20. On or before March 14, 2014 the Parties shall file their submissions in support of Final Approval of the proposed Settlement, and Class Counsel shall file their application for award of attorneys' fees and expenses.

21. Any Settlement Class Member who does not wish to participate in this Settlement may elect to exclude themselves ("opt out") from the Settlement Agreement, relinquishing their rights to benefits under the Settlement Agreement. In all such cases, the Settlement Class Member electing to be excluded from participating in the Settlement shall submit a written Request for Exclusion to the Claims Administrator stating an intention to be "excluded" from the proposed Settlement. The Request for Exclusion must include the following information: (a) the Settlement Class Member's name, current address and

telephone number; and (b) a statement that the Settlement Class Member has elected to be excluded from the Settlement Class. The written Request for Exclusion must be sent via first class United States mail to the Claims Administrator at the address set forth in the Class Notice and postmarked no later than February 28, 2014. The Request for Exclusion must be personally signed by the Settlement Class Member. Any Request for Exclusion postmarked after the Objection/Exclusion Deadline shall not be valid.

22. Exclusion or "opt out" rights may not be exercised by any counsel representing or purporting to represent any Person who would otherwise be a Settlement Class Member possessing claims covered by the Release provided in the Settlement Agreement, or by any Person representing or purporting to represent such Settlement Class Member(s). So-called "mass" "collective" "group" "representative" or "class" opt-outs, or any Request for Exclusion which purports to request exclusion of other or multiple Settlement Class Members, are not allowed.

23. All Settlement Class Members falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of the Settlement Agreement, the Judgment entered thereon, and all Orders entered by the Court in connection with the settlement set forth in the Settlement Agreement. All Class Members who submit valid and timely notices of their intent to be excluded from the Settlement Class shall neither receive any benefits nor be bound by the terms of the Settlement Agreement, if approved by the Court.

24. Any Settlement Class Member who submits a timely valid Request for Exclusion may not file an objection to the Settlement and shall be deemed to have waived

any rights or benefits under the Settlement Agreement.

25. On or before March 10, 2014 the Settlement Administrator shall furnish to Class Counsel and counsel for the Defendants a complete list of all timely and valid Requests for Exclusion (the "Opt-Out List"). Such list is to also be filed with the Court.

26. Settlement Class Members shall have the right to appear and present objections as to any reason why the terms of the Settlement Agreement should not be given Final Approval. Any Objection must be in writing, filed with the Court, with a copy delivered to Class Counsel and Defense Counsel at the addresses set forth in the Class Notice, no later than February 28, 2014. Any Objection filed with the Court after the Objection/Exclusion Deadline shall be untimely, invalid, and not considered by the Court regardless of the date of postmark or mailing of the objection.

27. Any Objection regarding or related to the Settlement Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Poertner v. The Gillette Company, et al.*" and also shall contain the following information: (a) the objector's full name, current address, and telephone number; (b) a statement that the objector has reviewed the Settlement Class definition and understands that he or she is a Settlement Class Member, and has not opted out of the Settlement Class; (c) a clear and concise statement of the Settlement Class Member's objection to the proposed Settlement, including all factual and/or legal bases for the objection, and (d) documents and information sufficient to establish the basis for their standing as a Settlement Class member, including verification under oath as to the date and location of their purchase of Ultra Batteries or Proof of Purchase reflecting such purchase.

28. Objections must be filed with the Court on or before the Objection/Exclusion Deadline, and served upon the Claims Administrator, Class Counsel and Defense Counsel at the addresses set forth in the Settlement Agreement, so that such objection papers are actually received by said counsel by or before the Objections/Exclusions Deadline.

29. If an objector who files a timely Objection chooses to appear at the Fairness Hearing, they must so state in their Objection, and a Notice of Intention to Appear at the Fairness Hearing must be filed with the Court no later than March 7, 2014. If the objector intends to have their own counsel appear for them at the Fairness Hearing, their Notice of Intention to Appear at the Fairness Hearing must include the name, address and telephone number of the attorney who will appear at the hearing. Any attorney representing an objector for the purpose of making objections must also file a Notice of Appearance with the Clerk of the Court, and must also serve copies by mail to Class Counsel and Defendants' counsel. No Settlement Class Member shall be entitled to be heard at the Fairness Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Settlement Class Member shall be received or considered by the Court at the Final Fairness Hearing hearing, unless written Notice of the Settlement Class Member's intention to appear at the Final Fairness Hearing and copies of any written Objections or briefs shall have been filed with the Court and served on counsel for the Settling Parties at the addresses set forth in this Agreement on or before the Objections/Exclusions Deadline. Settlement Class Members who fail to file and serve timely written Objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by objection, appeal

or otherwise) to the proposed Settlement.

30. The Parties shall respond to any objection and file their final submissions in support of approval of the proposed Settlement on or before March 14, 2014.

31. Based on the above, the following are the deadlines for the following events:

|  | DATE |
|---|---|
| Preliminary Approval Order | November 5, 2013 |
| Class Notice and Settlement Website | December 6, 2013 |
| Declaration Regarding Notice Plan | February 18, 2014 |
| Objections Filed with Court | February 28, 2014 |
| Requests for Exclusion Postmarked | February 28, 2014 |
| Notice of Appearance | March 7, 2014 |
| Administrator Provides Opt-Out List | March 10, 2014 |
| CAFA § 1715 Notice | March 12, 2014 |
| Briefing in Support of Final Approval and Parties' final submissions and Responses to Objections | March 14, 2014 |
| Final Fairness Hearing | March 21, 2014 @ 1:00 PM |
| Claims Must Be Submitted | April 10, 2014 |

32. All discovery and pretrial proceedings in this case are stayed and suspended until further order of this Court.

33. Pending the final determination of the fairness, reasonableness, and adequacy of the Settlement set forth in the Settlement Agreement, no Settlement Class Member, either directly, representatively, or in any other capacity, shall institute, commence, or prosecute any of the Released Claims in any action or proceeding in any court or tribunal. All Settlement Class members are hereby barred and enjoined from commencing or prosecuting any action

involving any Released Claims.

34.  In the event the Court does not grant final approval of the Settlement Agreement or the Settlement does not become effective for any reason, this Preliminary Approval Order shall be rendered null and void, and shall be vacated, and all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.  If the Settlement does not become effective, Defendants and all other Released Persons shall have retained any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation).  the action shall revert immediately to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and any related order had not been executed.  Settling Parties shall be restored to their respective positions in the Litigation, except that all scheduled litigation deadlines shall be reasonably extended so as to avoid prejudice to any Settling Party or litigant.  In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement, including certification of the class for settlement purposes, shall be treated as vacated, *nunc pro tunc*.

35.  Nothing in this Preliminary Approval Order, the Settlement Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing

by Defendants, or an admission of the propriety of class certification for any purposes other than for purposes of the current proposed Settlement.

**DONE** and **ORDERED** this 5th day of November, 2013 at Orlando, Florida.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE