UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

*Tornes, et al. v. Bank of America, NA.*
S.D. Fla. Case No. 1;08-cv-23323-JLK

*Yourke, et al. v. Bank of America, N.A.*
S.D. Fla. Case No. 1:09-cv-21963-JLK
N.D. Cal. Case No. 3:09-2186

*Philllps, et al. v. Bank of America, NA.*,
S.D. Fla. Case No. 1:10-cv-24316-JLK
W.D. Okla. Case No. 5:10-cv-01185-R

## ORDER DENYING JOINT MOTION FOR APPROVAL OF *CY PRES* DISTRIBUTION OF SETTLEMENT FUNDS

THIS CAUSE comes before the Court upon the Joint Motion for Approval of *Cy Pres* Distribution of Settlement Funds submitted by Settlement Class Counsel and Defendant Bank of America, N.A. ("Bank of America") in the above-styled action on March 8, 2013 (DE #3319) ("Joint Motion"). Therein, the parties jointly submit their list of selected beneficiaries for the approximately $34,866,000 comprising the initial *cy pres* fund set up by paragraphs 81, 82, and 91 of the Settlement Agreement and Release (DE #1885-1) ("Settlement Agreement") finally approved by this Court in its Order of Final Approval of Settlement, Authorizing Service Awards, Granting Application for Attorneys' Fees, and Overruling Objections to Settlement (DE #2150, issued November 22, 2011) ("Order of Final Approval of Settlement"). This issue marks

1

the first time that the implementation of a *cy pres* fund has come up in this Multidistrict Litigation, in which there have been over one billion dollars in settlements.

In *Nachshin v. AOL, LLC* (663 F.3d 1034 (9th Cir. 2011)), the Ninth Circuit provided a clear definition of the role of *cy pres* in a class action. The Court wrote that "[t]he *cy pres* doctrine allows a court to distribute unclaimed or non-distributable portions of a class action settlement fund to the 'next best' class of beneficiaries." 663 F.3d at 1036 (internal citations omitted). *Cy pres* is an accepted method of addressing leftover, or residual, funds remaining in a settlement account once all known members of a class have been made whole. According to the American Law Institute ("ALI"), when a class settlement cannot be paid out because some class members are unidentifiable, any leftover funds should first be distributed to known class members. Only when it is not economically viable to do so should a court engage in a *cy pres* program. The ALI states as follows:

> A court may approve a settlement that proposes a cy pres remedy even if such a remedy could not be ordered in a contested case. The court must apply the following criteria in determining whether a cy pres award is appropriate:
> 
> (a) If individual class members can be identified through a reasonable effort, and the distributions are sufficiently large to make individual distributions economically viable, settlement proceeds should be distributed directly to individual class members.
> 
> (b) If the settlement involves individual distributions to class members and funds remain after distributions (because some class members could not be identified or chose not to participate), **the settlement should presumptively provide further distributions to participating class members** unless the amounts involved are too small to make

2

individual distributions economically viable or other specific reasons exist that would make such further distributions impossible or unfair.

(c) If the court finds that individual distributions are not viable based on the criteria set forth in subsections (a) and (b), the settlement may utilize a cy pres approach. The court, when feasible, should require the parties to identify a recipient whose interests reasonably approximate those being pursued by the class. If, and only if, no recipient whose interests reasonably approximate those being pursued by the class can be identified after thorough investigation and analysis, a court may approve a recipient that does not reasonably approximate the interests being pursued by the class.

Am. Law Inst., Principles of the Law of Aggregate Litigation § 3.07 (emphasis added).

As the ALI further clarifies in its comments to section 3.07, "[A]ssuming that further distributions to the previously identified class members would be economically viable, that approach is preferable to cy pres distributions. This Section rejects the position urged by a few commentators that a cy pres remedy is preferable to further distributions to class members. . . . [T]his Section takes the view that in most circumstances distributions to class members better approximate the goals of the substantive laws than distributions to third parties that were not directly injured by the defendant's conduct." *Id.* cmt. b. Therefore, a *cy pres* distribution process should take place only when a court is absolutely unable to distribute settlement funds to known class members.

Here, lawyers for both parties have drafted a Settlement Agreement which skips over the distribution to known class members step and moves directly to *cy pres* through an "initial *cy pres* program." This initial program sets aside 12.5% of the net settlement fund as the estimated amount that would have gone to the part of the settlement class that the lawyers say is

3

unidentifiable due to a dearth of adequate banking records. While the agreement allows for the remainder of the fund to go to known class members for which the bank has adequate data, the set aside 12.5% would go directly to a *cy pres* fund. The Court finds that this provision of counsels' agreement does not comply with the principals outlined above requiring unidentifiable class members' share of settlement funds to be paid out to known class members before any *cy pres* program is enacted. Plaintiffs' Counsel argued that these arrangements results in a 45% payment of the total damages each class plaintiff sustained. Had the 12.5% not been deducted by counsels' agreement, each class plaintiff would have been repaid 57.5% of their total damage.

The Court wishes to acknowledge that this exact argument was presented by an objector during the oral arguments held November 7, 2011 as part of the final approval of settlement hearing in this case. Although the Court mistakenly overruled the objection at the time, the Court now sustains and finds guidance in the objection. The objector asserted that rather than being a *cy pres* program, the "initial *cy pres*" is "a diversion of settlement funds." (Transcript of Oral Argument at 67, DE #2117). He correctly argued that "*cy pres* is intended to be a residual program, what you do with the remainder," and this initial pre-distribution of funds isn't *cy pres* at all, because the known class members have not yet been made whole. *Id.* at 67-75. To refer back to the ALI's definition of *cy pres*, the set aside $34,866,000 is still at part (b) of the process and indeed should presumptively be given to known class members ahead of nonparty *cy pres* charities.

The setting aside of 12.5% of the settlement fund in this case was, and is, not a proper *cy pres* program.[1] It is instead a diversion of funds that does not comport with the proper procedure

---

[1] Jointly moving counsel are correct in stating that the court's Order of Final Approval of Settlement, Authorizing Service Awards, Granting Application for Attorneys' Fees, and Overruling Objections to Settlement (DE #2150) of November 22, 2011 contains the statement, "[t]he Settlement Agreement's *cy pres* provisions are fully consistent with the law of *cy pres*." After fuller consideration and study of the recently-agreed submission of proposed

4

for utilizing a *cy pres* program in the distribution of class action settlement funds as outlined by the ALI. The known class members in this case have not yet been made whole, and should thus be the recipients of the set aside $34,866,000.

The Court, after thorough and careful consideration of the record and reconsideration of the law of class action settlements with particular reference to the mandates of the principals of *cy pres*, it is **ORDERED, ADJUDGED AND DECREED:**

1. The Court does hereby reconsider its Order of Final Approval of Settlement, Authorizing Service Awards, Granting Application for Attorneys' Fees, and Overruling Objections to Settlement **(DE #2150)**. That Order, and the findings therein as made and ordered with reference to the *cy pres* program, be, and the same are hereby, **SET ASIDE** and **REVOKED**. This revocation applies only to that portion of the Court's Order of November 22, 2011 as it refers to an initial *cy pres* program. The Settlement Agreement, as initially approved by the Court on November 22, 2011 (D.E. #2150) (except for the *cy pres* provisions referred to above) remains as approved by the Court.

2. The Joint Motion of Class Counsel and Counsel for Bank of America, N.A. for Approval of *Cy Pres* Distribution of Settlement Funds **(D.E. #3319)** filed March 8, 2013 be, and the same is hereby **DENIED**.

3. Based on the Court's finding that the individual class members were never made whole on the original losses and damage, the Court finds that, under the definition of *cy pres* and the principals of law the Court must follow, the $34,866,000 set aside from the settlement fund and since held in escrow under the auspices of the Court,

---

distributions to law schools, charities, a local Bar association and a local school board, the Court has changed and revised its opinion to hold that the program does not comply with *cy pres* law. The initial findings and ruling regarding this issue, being made in error are hereby set aside.

5

never became a true *cy pres* fund subject to whatever rights the parties may wish to exercise as specified in the Settlement Agreement (D.E. #1885-1) dated May 6, 2011 (filed of record September 16, 2011, D.E. #1885-1).

4. Plaintiffs' counsel shall submit a plan and proposal for the Court's approval for the payment of the $34,866,000 to their clients consisting of known class members *pro rata* according to their individual damages, within thirty (30) days hereof.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, this 12th day of April, 2013.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record