February 25, 2014

Clerk of the Court
United States District Court
Middle District of Florida
401 West Central Blvd.,
Orlando, Florida 32801

| | |
|---|---|
| E. Clayton Lowe | Darren K. Cottriel |
| The Lowe Law Firm, LLC | Jones Day |
| 301 19th Street North, Ste. 525 | 3161 Michelson Drive, Ste. 800 |
| Birmingham, Alabama 35203 | Irvine, California 92612 |

Re: *Joshua Poertner v. The Gillette Company and The Proctor & Gamble Company*, Case No. 6:12-CV-00803-GAP-DAP

Dear Sir and Ma'am:

On behalf of Grace M. Cannata ("Objector"), I hereby transmit to the above-named addressees this letter setting forth written Objections to the Settlement of the above-named class action. Objector is a Settlement Class Member and purchased AA or AAA Duracell brand Ultra Advanced and/or Ultra Power batteries at Retail after June 2009. Objector has purchased AA or AAA Duracell brand Ultra Advanced and/or Ultra Power batteries at retail stores throughout the Cleveland area. Objector has not opted-out of the Settlement. Please consider the following detailed Objections:

1. The Notice of Settlement to the class does not disclose the specific amount of Attorneys' fees that will be requestedby Class Counsel, nor does it disclose any specific information to justify any particular fee in any particular amount. Instead, the Notice states vaguely that "Class Counsel will ask the Court for attorneys' fees, costs and expenses of up to $5,680,000."

2. Because the Notice of Settlement does not contain any meaningful information about the amount of the fee or the basis for an amount of fee, when the Motion for Fees is presented to the Court, the Class Members need to be fully noticed in writing to the entire Class pursuant to the same procedures and methodology for Notice of the underlying settlement. This formal Notice of the fee request must also include a reasonable time period within which class members may object to the fee request, and/or opt out of the settlement.

3. Federal Rule of Civil Procedure 23(H) provides:

> (1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. **Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.**

1

> (2) A class member, or a party from whom payment is sought, **may object to the motion.**
> (Emphasis added.)

4.  In this case, the Notice of Settlement imposes an Objection deadline of **February 28, 2013**. Pursuant to the Preliminary Approval Order, Class Counsel must file its Motion for Award of Attorneys' Fees on March 14, 2014, merely a one week prior to the Hearing. Pursuant to Civil Rule 23(H), all of the class members must receive notice of the Motion for Attorneys' Fees when it is filed, and all of the class members must be afforded a reasonable time in which to object to said award of fees. Failing to provide notice to class members in a reasonable manner and not fully notice in writing to the entire Class pursuant to the same procedures and methodology for Notice of the underlying settlement violates Civil Rule 23 (H).

5.  Objector and their counsel hereby request leave of Court to review the time records of class counsel so as to determine 1) to what extent there is any repetitive or unnecessary work; 2) to what extent billable time has been incurred by "contract attorneys" who have been hired on a temporary basis for this case only and who are being paid very low hourly fees; 3) whether any of the billable hours have been incurred by clerks, summer associates, paralegals, or secretaries, etc.; 4) to what extent hourly work has been incurred after the settlement has already been arrived at or finalized; and 5) to what extent the expenses sought for reimbursement are fully documented and justified.

6.  In paragraph 17 of the Notice of Settlement, it is stated that "[c]lass Counsel will ask the Court for attorneys' fees, costs and expenses of up to $5,680,000." In the instant case, the Court cannot ascertain the true value of the benefit to the class until it knows exactly how much cash value is paid out to Class Members. The Court does not know the exact amount that will be paid to the Class Members at this time. Without this information, the Court has no basis for determining what the relief is worth; without knowing the value of the settlement to Class Members, the Court cannot make an independent finding about whether or not the requested fees are fair. This Court should wait to award attorneys' fees and expense reimbursements until such time as it has had a chance to review the claims actually made to assure it that the attorneys' fees are reasonably related to the actual benefit received by the Class.

7.  Because this is, in effect, a claims-made settlement, Court should await a report detailing exactly the amount of monetary benefit received by the Class. It should be based on the actual relief received by the Class, not the potential. Therefore, this Honorable Court is urged to wait until it receives a report on actual payments to Class Members before awarding fees.

8.  Once the Court determines the actual Class Members' benefit, not including the benefit to charitable organizations, the Attorneys' Fees should be no more than 17% of the cash portion of the settlement and 3% for additional injunctive relief. If the total payment to Class Counsel is 20% percent of the cash benefit to the Class Members, that will adequately compensate Class Counsel and be in line with other settlements of this magnitude.

9.  The Settlement Agreement provides that "[i]n addition to Class Member benefits, Defendants have also agreed to make a $6,000,000 payment in the form of Duracell products (at

retail value) that will be provided over a five year period to certain charitable organizations, including those that use consumer batteries and related products on a regular basis."

10. There is no requirement that the *cy pres donation* be limited to organizations whose purpose will benefit the class in some way. The amount that is received by this presently unknown organization, whose purpose may not benefit the Class Members at all, should not be considered when determining the appropriate amount of fees to be awarded.

11. In addition, the Class Members who submit a qualifying claim should directly receive the benefits, and should not go into a *cy pres donation* which essentially benefits the defendants. The *cy pres donation* of this Settlement is nothing more than a marketing incentive program for the Defendants, allowing them to get the benefit of a large donation over the course of five years. That is a benefit to Defendants, not the Class Members! Essentially, Class Members only receive a few dollars if they go through the trouble of filing a claim form.

12. Objectors play an important role in assuring that settlements and attorneys' fees are reasonable and fair, which is why their existence is assured and guaranteed under Rule 23(e)(5). Several cases have discussed why objectors are necessary to the class settlement process, including *Vollmer v. Selden*, 350 F.3d 656 (7th Cir. 2003):

> Class counsel, for instance, might settle claims for significantly less than they are worth, not because they think it is in the class's best interest, but instead because they are satisfied with the fees they will take away. [Citation]. Intervenors counteract any inherent objectionable tendencies by reintroducing an adversarial relationship into the settlement process and thereby improving the chances that a claim will be settled for its fair value.... The slightness of individual recovery does not make the counsel's purpose invalid nor his role as objector less vital. 350 F. 3d at 660 (emphasis added).

13. Objectors provide a benefit to the Class Action Settlement. Independent information provided by Objector's counsel complements the Court's fiduciary role in protecting the class members, rather than detracting from it, and prevents a rubber stamp of a settlement which may not have resolved the issues in favor of class members.

14. Objectors respectfully adopt and incorporate into these Objections all other well-taken, timely filed Objections that are not inconsistent with these Objections. Objectors also reserve the right to supplement these Objections with other and fuller objections.

15. The Class Members have a legally protectable interest in this litigation. That interest will be impacted by the proposed settlement agreement, and the legal fees that are proposed to be paid.

16. These Objections, presented to the Court as a matter of right, are properly and timely filed by the Objector. All of the legally required prerequisites material to these objections have been met.

17. Objectors will rely on these written Objections, as well as the supplemental Objections to be filed addressing the specific fee request. Objectors do not plan to attend the fairness hearing, but rather will rely on their written Objections.

WHEREFORE, Objectors respectfully request that this Court:

A. Sustain these Objections in full;
B. Deny approval of the settlement, for the reasons stated herein;
C. Continue the issue of attorneys' fees and expense reimbursement for further review and a separate hearing;
D. Upon completion of the fairness hearing, enter such orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of this settlement.

Sincerely,

*[signature]*

SAM P. CANNATA (Ohio No. 0078621)
30799 Pinetree Rd., #254
Pepper Pike, Ohio 44124
(216) 214-0796 Voice
spc@cplpa.com

Counsel for Objector

To Whom It May Concern:

I have read and approve the attached Objections and direct my attorneys to file them.

Very Truly Yours,

Dated: 02/25/14

*Grace M. Cannata*
Grace M. Cannata
23200 Bryden Rd.
Cleveland, Ohio 44122
(216) 533-0522