February 27, 2014

*Via Federal Express Overnight*
United States District Court
Middle District of Florida
Clerk of the Court
401 West Central Blvd.
Orlando, Florida 32801

Re:   Objection to Class Settlement in *Poertner v. The Gillette Company, et al.*, Civil Action No. 6:12-CV-00803-GAP-DAB

Dear Clerk of Court:

> The class notice provides the following procedures to object:
>
> "If you're a Settlement Class Member and do not request exclusion, you can object to the Settlement. You can give reasons why you think the Court should not approve it. The Court will consider your views before making a decision. To object, you must prepare and sign a written objection stating that you object to the Settlement in *Poertner v. The Gillette Company, et al.* Your written objection must state that it is an "Objection to Class Settlement in *Poertner v. The Gillette Company, et al.*, Civil Action No. 6:12-CV-00803-GAP-DAB. In addition, you must sign the objection and include all of the following information: (1) your full name, current address, and telephone number; (2) a statement confirming that you are a Settlement Class Member and you have not opted out of the Settlement; (3) the reasons why you object to the Settlement, including any facts or legal reasons; (4) documents or other information showing that you are a Settlement Class Member (for example, a receipt or statement, verified under oath, indicating the date and location of your Duracell Ultra Batteries purchase); and (5) a statement regarding whether you intend to appear at the Court's Fairness Hearing."
>
> My name is Christopher Batman, my current address and phone number are as follows:
>
> 
> Christopher Batman
> 441 Coral Place
> Corpus Christi, Texas 78411
> 361-548-8712
> 

I am a class member and I have not opted out of the settlement. I object to any other information required to show that I am a class member other than those contained in Exhibit A [see below]. I object to any requirement that I provide any more information or comply with any other procedures or requirements to object other than what I have done. I also object to any

1

requirements or procedures to object that are not contained in the class notice. The reasons I object are contained herein. I rely upon all documents in the Court's file in support of this objection. I do not intend on appearing at the fairness hearing either personally or through counsel.

Please accept this letter as my objection to the proposed class action settlement, the award of excessive attorneys' fees to class counsel, and the Court's approval of the settlement in the above referenced class action lawsuit. I have reviewed the Settlement Class definition and understand that I am a consumer who purchased AA or AAA Duracell brand Ultra Advanced and/or Ultra Power batteries at Retail any time after June 2009 and have not opted out of the Settlement, there I am a member of the Settlement Class. See my attached Declaration (Exhibit "A").

Specific objection is made that the proponents of this settlement have <u>not</u> met their burden to show that the settlement is fair, reasonable, and adequate.

Objection is made to the overall unfairness of this settlement. The Settlement Agreement states that Class Members who submit a valid Claim Form with proof of purchase can receive up to $12 and without proof of purchase up to $6. It is unreasonable and unlikely that a consumer would be in possession of receipts for said purchases as much as five years after the purchase and objection is made to the claims process. As a preliminary matter, before the value of this modest component of the settlement can be evaluated one must wait to see how many claims were filed and how much will be distributed to the class.

I object to the *cy pres* component of the settlement. The settlement agreement provides:

> P&G will make an in-kind *cy pres* payment of six million dollars ($6,000,000.00), calculated at retail value, of Duracell products over a five (5) year period. The products will be given away to charitable organizations, including but not limited to first

2

> responder charitable organizations, the Toys for Tots charity, or 501(c)(3) organizations that regularly use consumer batteries or related products. The *cy pres* donation of products shall not include any products which P&G has already donated or P&G is presently committed to donate as of September 13, 2013 (i.e., the date of this Settlement Agreement, as stated in the first paragraph of page one, above).

First, objection is made that *cy pres* is not necessary because benefits could have been distributed to class members directly. Second, objection is also made that the nexus and other requirements of *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012) are not met. Third, a *cy pres* distribution should only be used as a last resort, and $6 million in cash could have been distributed directly to class members through a claims procedure. Fourth, $6 million in products are not worth $6 million in cash. It is worth far less and costs the defendant far less.

Objection is made to proposed attorneys' fees on basis of a lodestar or percentage of recovery analysis. The Class Notice states that Class Counsel will ask the Court for Attorneys' Fees, costs and expenses of up to $5,680,000. This fee application is excessive given the lack of value this settlement provides to the unnamed class members. Additional objection is made to the extent of the failure of class counsel to make a detailed attorneys' fee and expense application within a reasonable and adequate amount of time or objectors to evaluate the fee and expense application.

Objection is made to the overly broad release.

I also object to the proponents of the settlement not sustaining their burden of proof on commonality, predominance, superiority and adequacy of class counsel and class representatives under Federal Rule of Civil Procedure 23. I also object on the basis of conflicts of interest between class counsel and class representatives, on the one hand, and the unnamed class members, on the other.

Objection is made to any procedures or requirements to object that require information or documents other than those that are contained herein to the extent that such requirements are unnecessary, unduly burdensome, are calculated to drive down the number and quality of objections to the settlement and violate objectors' due process rights and Rule 23(e)(5).

I also join in and incorporate herein by reference any and all objections filed by other objectors as though set forth in full, to the extent not inconsistent with the specific objections made herein.

I have sought legal advice and assistance in this matter by Texas attorney Christopher A. Bandas, of Bandas Law Firm, P.C., Corpus Christi, Texas and this document was prepared with the assistance of counsel, no special favor or treatment is requested due to the fact that any document I submit is filed *pro se*.

I am mailing my objections, as indicated above and below, to the Court and to the attorneys identified in the notice as required recipients.

Sincerely,

[signature]

Christopher Batman

cc: *Via Federal Express Overnight*

E. Clayton Lowe
THE LOWE LAW FIRM, LLC
301 19th Street North
Suite 525
Birmingham, Alabama 35203

Darren K. Cottriel
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California 92612

4