OBJECTOR:
Wanda J. Cochran
10121 Page Road
Streetsboro, Ohio 44241
(330) 414-9322

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JOSHUA D. POERTNER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE GILLETTE COMPANY, and THE PROCTER & GAMBLE COMPANY,<br><br>Defendants. | Case No. 6:12-CV-00803-GAP-DAB<br><br>Hearing: March 21, 2014<br>Time: 1:00 p.m.<br>Place: Courtroom 5-A |

**Objection to Class Settlement in *Poertner v. The Gillette Company, et al.***

Now comes Settlement Class Member Wanda J. Cochran ("Objector"), and hereby objects to that portion of the Class Settlement in *Poertner v. The Gillette Company, et al.* (Civil Action No. 6:12-CV-00803-GAP-DAB) pertaining to the structure and amount of class counsel's fees. Objector has reviewed the Settlement Class definition and understands she is a Settlement Class Member. Neither has Objector elected to opt out of the Settlement Class. Specifically, Objector believes the provision for attorney's fees is not fair, adequate, and reasonable to the class for the following reasons:

1

1. Allowing a motion for attorney's fees after the objection deadline deprives class members of their right to reasonable notice and meaningful objection.

2. Both the structure for determining class counsel's fees and the cap on the fee award are suspect because they will likely result in an unreasonably high award.

3. The actual fee award should be tied to direct benefits received by the class without regard to cy pres distributions.

Legal support for Objector's position can be found in the separate objection filed by Theodore H. Frank on February 17, 2014 (DE 126). Because Objector learned of the settlement after the purported deadline for filing objections, Objector has elected to file this preliminary notice of objections to preserve her rights. Objector's notice should not be discarded as untimely for the same reason class counsel's motion for attorneys' fees will not be similarly discarded. According to Para. 63 of the Settlement Agreement:

> Class counsel shall make a single, joint application for award of attorneys' fees, costs, and all other expenses. The application for award of attorneys' fees, costs and all other expenses **shall be filed with the Court concurrently with the Final Approval motion papers**. (emphasis added)

Because class counsel will not move for approval of attorneys' fees until <u>two weeks</u> after the deadline for submitting objections—which motion remained pending when Objector filed her notice—Objector respectfully submits that failure to consider her objection due to tardiness would constitute an abuse of discretion. Objector hopes to retain legal counsel experienced in such matters in the near future who will apply for admission pro hac vice. Objector also reserves the right to supplement her objection once class counsel files a motion for approval of attorney's fees. Objector does <u>not</u> intend to attend the fairness hearing scheduled for April 2, 2014, either personally or through counsel. Finally, Objector verifies by oath under penalty of perjury that she purchased

2

AA and AAA Duracell brand Ultra Power Batteries in Louisville, Kentucky after June 1, 2009. Objector will forward proof of purchase as soon as she locates such documentation in her personal records.

## CONCLUSION

For the foregoing reasons, Objector respectfully requests that the Court:

(1) Disregard the deadline for Objector's notice because the subject will not be ripe for discussion until class counsel moves for approval of attorney's fees;

(2) Find the structure for determining class counsel's fees set forth in the settlement agreement is unreasonable;

(3) Deny any motion for attorneys' fees based upon said structure; and

(4) Refuse to enter a final judgment dismissing class claims against the settling defendant with prejudice.

Respectfully Submitted,

_____     _____
WANDA J. COCHRAN                    DATE

### Certificate of Service

The undersigned hereby certifies that a true copy of the foregoing document was served by First Class U.S. Mail to the following on March 4, 2014:

United States District Court
Middle District of Florida
401 West Central Blvd.,
Orlando, Florida 32801

Darren K. Cottriel
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California 92612

E. Clayton Lowe
THE LOWE LAW FIRM, LLC
301 19th Street North, Suite 525
Birmingham, Alabama 35203

Poertner Claims Administrator
PO Box 43224
Providence, RI 02940-3224

_____
Wanda J. Cochran

3