UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JOSHUA D. POERTNER, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>THE GILLETTE COMPANY, and THE PROCTER & GAMBLE COMPANY,<br><br>  Defendants. | Case No. 6:12-CV-00803-GAP-DAB<br><br><br><br><br><br>Dept.: 5A<br>Judge: Hon. Gregory A. Presnell |

**DECLARATION OF DEBORAH MCCOMB RE SETTLEMENT CLAIMS**

I, Deborah McComb, declare and state as follows:

1.   I am a Senior Consultant at Kurtzman Carson Consultants LLC ("KCC"), located at 75 Rowland Way, Suite 250, Novato, California.  As a Senior Consultant at KCC, my responsibilities include overseeing and implementing legal notice campaigns in order to provide notice to class members of class action settlements, as well as administration and handling of claims and exclusions in class action settlements.  I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.   KCC is the court appointed settlement administrator of the class settlement in the above-captioned matter (the "Settlement").  I am one of the individuals at KCC responsible for KCC's work in implementing the notice to class members of the Settlement, and administering and handling claims by

potential class members.

3.      The purpose of this declaration is to provide the Parties and the Court with a summary of the number of claims submitted by Class Members for the Settlement in this matter..

4.      As discussed in the Notice Plan filed with the Court on October 25, 2013 as an exhibit to the Preliminary Approval Motion (Doc. 113-8), the class of purchasers of the Duracell Ultra batteries that are the subject of this case is estimated to be approximately 7,260,000 members.  As also discussed in the Notice Plan and in prior declarations filed in connection with the Settlement in this matter, due to the consumer nature of this case, the identity of class members and their contact information is unknown and the class members therefore had to be reached through a consumer media campaign involving publication notice in national magazines, newspapers, internet banners, a settlement website and automated settlement telephone system.  The Notice Plan and media campaign are discussed in detail in the previously filed declaration of Gina Intrepido-Bowden on Adequacy of Proposed Settlement Notice Program (Doc. 114-4) and in my previously filed declaration Re Settlement Administrator's Notice Procedures and Compliance with Court Approved Notice Plan (Doc. 122), as well as in Ms. Intrepido-Bowden's and my additional declarations filed concurrently herewith.

5.      To project claims rates in a given case, we review other cases that are similar in scope and the method of dissemination. Having administered hundreds of class settlements, it is KCC's experience that consumer class action settlements with little or no direct mail notice will almost always have a claims rate of less than one percent (1%).  For example, KCC did an analysis six months ago of all consumer class action settlements that KCC administered where the notice provided to class members relied entirely on media notice rather than direct mail notice.  These settlements included products such as toothpaste, children's clothing, heating pads, gift cards, an over-the-counter medication, a snack food, a weight loss supplement and sunglasses.  The claims rate in these cases ranged between .002% and 9.378%, with a median rate of .023%.  In my years of experience in administering class settlements in similar consumer cases, these settlements and the claims rates in these settlements are representative or typical of other class action settlements in consumer cases which I have been involved in administering.

6.      As of the date of this declaration, KCC has received 55,346 claims by class members in

this matter, which claims represent 114,950 packages of batteries. In accordance with the "Class Action Settlement Agreement" in this matter and based upon three dollars ($3.00) per package claimed, the total disbursement to Class Members submitting claims would be $344,850.00, assuming all of the aforementioned claims are valid. KCC is currently completing the processing and validation of such claims. Based upon the number of claims submitted in this case, this equates to approximately a 0.76% claim filing rate. This claim filing rate is above average when compared to class settlements in other recent similar consumer class action cases, as discussed in the previous paragraph.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that this declaration was executed this 21at day of April 2014 at Novato, California.

Deborah McComb