IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JOSHUA D. POERTNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 6:12-CV-00803-GAP-DAB |
| | ) |
| THE GILLETTE COMPANY and | ) |
| THE PROCTER & GAMBLE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

### DECLARATION OF E. CLAYTON LOWE, JR. IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT AND AWARD OF ATTORNEY'S FEES AND INCORPORATED MEMORANDUM

I, **E. CLAYTON LOWE, JR**., declare as follows:

1. I am an attorney admitted to practice in Alabama and one of the attorneys of record for Plaintiff and the proposed Settlement Class. I was admitted *pro hac vice* to appear before this Court.

2. I have personal knowledge of the matters set forth in this Declaration, which is filed in support of the Plaintiff's Motion for Final Approval of Settlement and Award of Attorney's Fees and Incorporated memorandum. Along with my co-counsel in this case, and counsel from *Heindel v. The Gillette Company*, et. al, CV-12-01778 EDL (N.D. Cal) (the "California Action"), I was one of the primary negotiators of the terms of this Settlement. If called to testify, I could and would competently testify to the following facts. I also

1

reference and submit, as if fully set forth herein, my prior Declaration (Doc. 114-1) submitted in support of Plaintiff's Unopposed Motion for Entry of Order Preliminarily Approving Class Action Settlement Agreement.

3.  The efforts of class counsel in this case created a settlement with a minimum monetary value of $49.87 million and available monetary benefits to the class of $43.56 million. In addition, we obtained prospective remedial injunctive relief for class members, which enforce applicable consumer laws. The Settlement provides not only substantial benefits but, on average, approximately 100% relief to Class Members nationwide. Class Counsel achieved this nationwide result, even though the underlying actions in Florida and California each only sought damages for Florida and California Class Members. Class Members nationwide will all receive the same substantial benefits, even though some Class Members live in states with significantly weaker consumer-protection laws that would make successful prosecution of the claims much more difficult.

4.  Since inception of this case, my firm has devoted 2,827.50 hours of attorney time and advanced expenses prosecuting this matter, without repayment. I personally incurred 1,745 hours prosecuting this case to date and my partner in this case, Pete Grammas, incurred 1,081.50 hours. Our hourly rates, respectively, for this matter are $650 and $600 per hour. These rates are based upon the rates noted in the Declaration of local attorney Karen Dyer filed herewith. Applying these rates to the hours incurred, my firm's lodestar is $1,783,605.

5.      Our co-counsel in this case, Wiggins, Childs, Quinn & Pantazis, LLC, also incurred significant time and expenses.  That firm is submitting a Declaration as to its time and expenses.  Counsel in the California action are also submitting a Declaration regarding their time and expenses.  Detailed time records are available should the Court deem them necessary for its fee determination.

6.      All of these attorney hours were reasonably expended in investigating and prosecuting this class action, including, but not limited to, performing the following services: interviewing potential witnesses; researching potential causes of action and other complex legal issues involved in this action; drafting pleadings and briefs; preparing and reviewing class discovery against defendants and reviewing defendants' responses to such discovery; obtaining documents from defendants; reviewing, organizing, and analyzing all documents obtained through such discovery (over 250,000 pages of material); meeting with and teleconferencing with co-counsel for plaintiff; meeting and teleconferencing with defendants' counsel regarding pleadings, scheduling, and discovery; researching and reviewing responses and correspondence in regard to defendants' various defenses; and attending depositions and court hearings.   Not only were there myriad complex legal issues spread across two separate bodies of law in two jurisdictions, there were also numerous complex scientific and technical issues. While the case at heart involved the misrepresentation of Duracell Ultra batteries, Class Counsel devoted significant time to understanding the technical issues that govern battery performance, including battery chemistry, testing methodologies and procedures, and statistical modeling. These technical issues also required the retention of expert consultants.

7. The complexity of the issues in this litigation required attorneys with a high degree of skill and experience. The attorneys at my firm and I have extensive experience in prosecuting class actions and other complex litigation in both state and federal courts and involving both statewide and multi-state class actions. Moreover, highly experienced and reputable law firms in this case represented the defendants.

8. Plaintiff's counsel accepted the representation of the plaintiff and the class in this litigation on a purely contingent basis and advanced substantial out-of-pocket expenses noted below and in co-class counsel's declarations submitted herewith. Counsel knew from the outset that they might expend substantial amounts of their time and out of pocket expenses in pursuing this litigation on behalf of the plaintiffs and the class and, if the litigation were ultimately unsuccessful, they might receive no compensation whatsoever. The plaintiff's Motion for Final Approval of Settlement and Award of Attorney's Fees and Incorporated Memorandum sets forth and describes the substantial risks faced by plaintiff in this litigation and the California action. The same difficulties also constituted risks that plaintiff's counsel might not receive any compensation for their efforts if the litigation were ultimately unsuccessful. There are numerous contingency fee cases in which plaintiffs' counsel have failed to receive any compensation or recover any expenses. The loss suffered by counsel in such cases is relevant to the determination of fees in this case because it provides firms that consider taking these cases on a contingent basis some assurance that an overall fair return can be realized. Given the complexity of this litigation and the substantial recovery for the class, Class Counsels' requested fee is below the range of awards typically

granted in similar cases and recoveries. The fully contingent nature of counsel's work also supports the proposed loadstar multiplier.

9. As discussed in detail in Plaintiff's Motion for Final Approval of Settlement and Award of Attorney's Fees, Class Counsels' fee request is less than 10.9% of the estimated $49.94 million common fund benefit available to the class. This percentage is well below the range of contingency fees generally awarded in private litigation.

10. My firm also seeks reimbursement of $8,645.34 for its expenses incurred in prosecuting this litigation. The firm's expenses are broken down into the following categories:

> Air fare: $3,507.40
>
> Hotel charges: $3,048.20
>
> Meals: $741.26
>
> Parking: $100.00
>
> Research/investigative: $120.80
>
> Car rental/mileage reimbursement: $789.18
>
> Cab fare: $338.50
>
> Total: $8,645.34

All expenses incurred were reasonable and necessary to properly assess and prosecute this case and to refute defendants' arguments and defenses.

11. Counsel also believes that a $1,500.00 incentive award to class representative Joshua D. Poertner is appropriate. Mr. Poertner stepped forward to advance this cause, and

without his involvement in the discovery phase and prosecution of this litigation the common fund and injunctive relief could not have been obtained for the class. See also, *Lowe Decl.* Doc. 114-1.  Under these circumstances, $1,500.00 is a nominal and reasonable amount, and counsel request that such incentive payment be awarded by the Court.

12. The requested fee appropriately reflects the substantial efforts expended, the excellent results achieved, and the manner with which this case has been prosecuted. For the reasons set forth herein and the briefing submitted by Class Counsel, it is my further opinion and belief that the attorneys' fee and expenses requested by Class Counsel in this litigation is supported when viewed in light of the factors set forth by the Eleventh Circuit in *Camden I Condominium Ass'n v. Dunkle*, 496 F.2d 768, 774-75 (11th Cir. 1991).

13. I strongly believe the proposed Settlement is fair, adequate and reasonable as required by Rule 23(e)(2), Fed. R. Civ. P., and should be approved by the Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.   Executed this 22nd  day of April, 2014.

/s/ E. Clayton Lowe, Jr.
E. Clayton Lowe, Jr.
