IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JOSHUA D. POERTNER, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) CASE NO: 6:12-CV-00803-GAP-DAB |
| THE GILLETTE COMPANY and THE PROCTER & GAMBLE COMPANY, | ) ) ) ) ) |
| Defendants. | ) |

**DECLARATION OF JOSHUA R. GALE
IN SUPPORT OF CLASS COUNSEL'S APPLICATION
FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

I, **JOSHUA R. GALE**, declare as follows:

1. My name is Joshua R. Gale and I am an associate with the firm of Wiggins, Childs, Quinn & Pantazis, LLC ("WCQP"). I have been associated with the firm since 2009. I have been licensed to practice law in the State of Florida since 2009. I am also licensed since 2009 to practice in the United States District Courts for the Northern, Middle, and Southern Districts of Florida. I am submitting this Affidavit in support of WCQP's application for an award of attorneys' fees and reimbursement of expenses in connection with the services rendered to Plaintiffs and the Class in the course of the above-captioned litigation.

2. WCQP and I have been involved in this case since the filing of the Complaint in April of 2012.

3. WCQP has offices in Birmingham, Alabama; Mobile, Alabama; Washington, DC; DeLand, Florida; and Nashville, Tennessee, with our primary practice in complex litigation with

emphasis in class actions.  Our firm has litigated and/or participated in hundreds of class actions over the last several years throughout the country, and I have been involved in complex class action litigation, including Stella Koballa v. RJ Reynolds, Case No. 2007-33334-CICI, in the Seventh Judicial Circuit Court of Volusia County, Florida, and Potter v. Shell Oil, Case No. 2011-11036-CIDL in the Seventh Judicial Circuit Court of Volusia County, Florida.  Dennis G. Pantazis and I, and other members of our firm, were instrumental in the prosecution of the case.  Mr. Pantazis had primary responsibility for coordinating our firm's efforts.  He has a wealth of experience in leadership positions (as a member of the Management Committee and/or Steering Committee) in many complex class cases.  The following are some examples:

- Isaiah Evans, et al v. Unites States Pipe & Foundry, et al;
  Civil Action No.: 1:05-cv-01017-KOB,
  United States District Court for the Northern District of Alabama,
  Eastern Division;

- Charlie Almon, et al., individually and on behalf of all others similarly situated v. McWane, Inc., et al.,
  Civil Action No.:  CV-04-1112,
  Circuit Court of Calhoun County, Alabama;

- In Re: Comcast Corp. Set-Top Cable Television Box Anti-Trust Litigation,
  Civil Action No.: 09-md-2034,
  United States District Court for the Eastern District of Pennsylvania;

- In re: Cox Enterprises, Inc. Set-Top Cable Television Box Antitrust Litigation,
  Civil Action No.: 09-ML-2048-C,
  United States District Court for the Western District of Oklahoma;

- Karen Ann Ishee Parsons v. Bright House Networks, LLC,
  Civil Action No.: 2:09-cv-00267,
  United States District Court for the Northern District of Alabama,
  Southern Division;

2

- <u>In re: Managed Care Litigation</u>
  MDL 1334
  United States District Court for the Southern District of Florida;

- <u>Love, et al. v. Blue Cross Blue Shield, et al.</u>
  Civil Action No.: 1:03-cv-21296
  United States District Court for the Southern District of Florida;

- <u>Lawrence L. Melvin, et al. v. Advanta National Bank, et al.</u>
  Civil Action No.: CV-98-C-0898-S
  United States District Court for the Northern District of Alabama,
  Southern Division;

- <u>Lewis, et al. v. Enterprise Leasing Co., et al.</u>
  Civil Action No.: CV-97-6951
  Circuit Court of Jefferson County, Alabama;

- <u>Rogers, et al. v. Transamerica Business Credit Corp.</u>
  Civil Action No.: CV-95-736-RSM
  Circuit Court of Etowah County, Alabama;

- <u>Rogers, et al. v. Payco, et al.</u>,
  Civil Action No.: CV-95-736-RSM
  Circuit Court of Etowah County, Alabama;

- <u>Beavers, et al. v. American Cast Iron Pipe Co.</u>
  Civil Action No.: CV-86-N-1982-S
  United States District Court for the Northern District of Alabama,
  Southern Division.

4. I and other members of WCQP are familiar with the applicable law and standards as they apply to class actions.

5. I and other members of WCQP have shared overall responsibility for the case along with Lowe & Grammas, LLP and Schubert, Jonckheer & Kolbe, LLP.

3

6. In the prosecution of this action, WCQP expended 1171.50 hours for a lodestar amount of $472,856.25 as follows:

| ATTORNEY | HOURS | HOURLY RATE | LODESTAR |
|---|---|---|---|
| Dennis Pantazis | 285.9 | $650.00 | $243,015.00 |
| Josh Gale | 514.2 | $400.00 | $205,680.00 |
| Brian Clark | 35.85 | $600.00 | $28,680.00 |
| D.G. Pantazis | 79.5 | $350.00 | $27,825.00 |
| WCQP Paralegals | 256.05 | $125.00 | $32,006.25 |
| TOTAL FEE | 1171.5 | | $472,856.25 |

7. In my opinion, based upon our firm's experience in litigating complex, consumer class actions, this time was necessary to successfully prosecute the matter. Further, the hourly rates applied above are supported by the declaration of attorney Karen Dyer, submitted herewith.

8. In addition, WCQP has paid expenses in the amount of $149,807.46 as follows:

| DESCRIPTION | AMOUNT |
|---|---|
| Documents | $24,655.50 |
| Travel | $3,837.20 |
| Depositions | $5,374.70 |
| Court Costs | $515.00 |
| Research | $466.77 |
| Experts | $95,336.41 |
| Mediation | $19,621.88 |
| TOTAL | $149,807.46 |

The above expenses in this case are reasonable and necessary and of the kind one would expect in litigation of this type. Court reporting costs for depositions and trial transcripts, copying costs, court filing fees, trial costs, experts, etc. are necessary to prosecute a case of this kind.

9. We attended and participated in the following depositions: (1) Eric Gruen; (2) Felix Appiah; (3) Walter van Schalwijk; and (4) Joshua Poertner.

10. In the process of litigating this case, we reviewed hundreds of thousands of pages of documents produced by Defendant and analyzed data records from Duracell's data production. The data analysis was key in sustaining and proving classwide conduct.

11. Walter van Schalkwijk, an expert in the field of energy transfer and batteries, was retained to analyze and test the batteries to determine their relative strengths. His analysis was crucial in proving both liability and in meeting the requirements of Fed. R. Civ. P. 23.

12. As class counsel, our firm participated in the briefing of numerous legal issues, in particular the Motion for Class Certification, Motion to Transfer, and Opposing Motions to Strike Expert Witness Testimony.

13. Rodney A. Max mediated the case between August 1 and September 15, 2013. The first mediation session took place on August 1, 2013 in Miami, Florida. The parties made progress, but were unable to reach agreement on all issues. However, the parties again reconvened in person on August 12, 2013 in Miami, Florida and were able reach an agreement in principle. The parties, and Mr. Max, continued to communicate and negotiate in pursuit of a settlement between August 13, 2013 and September 15, 2013. All aspects of the settlement were agreed to before any attorney's fees were discussed.

14. After the preliminary approval of the settlement and after notice to the class, WCQP's attorneys fielded telephone calls, letters and e-mails from state Attorney General's offices. Their questions ranged from what was the nature of the class settlement, to the value to the class, and the basis of the attorney's fees.

15. In considering approval of this settlement, the Court should consider the range of possible recoveries if the case were tried. Based upon our discovery and expert analysis, the relief is within the upper range of what Plaintiffs could have obtained if successful at trial, and in

fact, substantially exceeds the average amount that a typical class member was damaged during the Class Period. Additionally, the relief is significantly more valuable to Class Members because it will be received sooner than could have been accomplished without an early settlement and without the additional expense of extensive further litigation over complex and contested issues.  There was no assurance that Plaintiff and the Class would recover anything when this case was filed, but now, due to the efforts of class counsel, Plaintiff and the Class are entitled to compensation in the upper range of recovery.

16. Based upon the foregoing, the evidence of record, and included in the Affidavits of E. Clayton Lowe, Robert Schubert, and Karen Dyer, I respectfully request the Court to enter an Order awarding class counsel attorneys' fees and expenses in the amount of Five Million, Six Hundred and Eighty Thousand Dollars ($5,680,000.00).

I, Joshua R. Gale, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this <u>22nd</u> day of April, 2014.

                                                  /s/Joshua R. Gale
                                                Joshua R. Gale – Affiant