IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSHUA D. POERTNER,

       **Plaintiff,**

v.                               **CASE NO: 6:12-CV-00803-GAP-DAB**

THE GILLETTE COMPANY and
THE PROCTER & GAMBLE
COMPANY,

       **Defendants.**
_____/

**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**

Plaintiff and Defendants have submitted for final approval a proposed settlement

of this class action that is memorialized in the Class Action Settlement Agreement dated

September 13, 2013, Doc. 113-1 (the "Agreement").[1] For the reasons set out in detail

below, this Court has determined that the Settlement is fair, reasonable, and adequate and

should therefore be approved. Accordingly, this Court issues this Final Approval Order

and Judgment, approves the Settlement, and dismisses the Third Amended Complaint,

Doc. 117 (the "Complaint") in this action with prejudice.

      1.      On May 22, 2014, this Court held a hearing to consider the fairness,

reasonableness, and adequacy of the proposed Settlement (the "Final Approval

Hearing").

      2.      In reaching its decision in this case, this Court considered the Agreement,

---

[1] All capitalized terms used herein shall have the meanings set forth in the Agreement.

the extensive court file, and the presentations by Plaintiff and Defendants in support of the fairness, reasonableness, and adequacy of the Settlement. This Court also considered the objections of Class Members.

3.      The Settlement provides significant monetary and injunctive relief to the Class. The available monetary relief is within the upper range of the amount that may have been recovered had Plaintiff prevailed at trial with a certified nationwide class. In return for the class-wide relief, the Complaint shall be dismissed with prejudice and Defendants will receive releases from the Class Members as set forth in the Agreement.

4.      This Court has jurisdiction over these claims, pursuant to 28 U.S.C. § 1332(d). As this Court previously found in its Order Granting Unopposed Motion for Preliminary Approval of Class Action Settlement, Doc. 118, certification of the Settlement Class for the purpose of settlement is appropriate.  In reaching this determination, this Court found: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Named Plaintiff are typical of the claims of members of the Settlement Class; (d) Named Plaintiff and Class Counsel will fairly and adequately represent the interests of the Settlement Class; (e) for purposes of settlement only, questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class; and (f) for purposes of settlement only, certification of the Settlement Class is superior to other methods for the fair and efficient adjudication of this controversy. In determining that class treatment is superior, this Court has considered the following: (a) the interest of

members of the Settlement Class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the Class; (c) the desirability or undesirability of concentrating the litigation of the claims in this particular forum; and (d) the difficulties likely to be encountered in the management of a class action.

8.      In its Order Granting Unopposed Motion for Preliminary Approval of Class Action Settlement, Doc. 118, this Court also preliminarily approved the Notice, and found that the proposed form and content of the Notice to the Class Members satisfied the requirements of due process, Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, and the Rules of this Court. The Court reaffirms that finding and holds that the best practicable notice was given to Class Members.

9.      The parties timely caused the Notice to be disseminated in accordance with the Agreement and the prior order of this Court. The Notice advised Class Members of, among other things, the allegations in the Complaint, the terms of the proposed Settlement, the requirements and deadline for submitting claims, the requirements and deadline for requesting to be excluded from the settlement, the requirements and deadline for objection to the proposed Settlement, and the scheduled Final Approval Hearing. The Notice further identified Class Counsel and set forth that Class Counsel would seek an award of up to $5.68 million in attorneys' fees and expenses. The Notice also set forth in full the claims released by Class Members as part of the Settlement and advised Class Members to read the Notice carefully because it would affect their rights if they failed to object to the Settlement.

10.     This Court has again reviewed the Notice and the accompanying

documents and finds that the "best practicable" notice was given to the Class and that the

Notice was "reasonably calculated" to (a) describe the Action and the Plaintiff's and

Class Members' rights in it; and (b) apprise interested parties of the pendency of the

Action and of their right to have their objections to the Settlement heard. *See Phillips*

*Petroleum Co. v. Shutts,* 472 U.S. 797, 810 (1985). This Court further finds that Class

Members were given a reasonable opportunity to opt out of the Action and that they were

adequately represented by Plaintiff Joshua D. Poertner. *See Shutts,* 472 U.S. at 810. The

Court thus reaffirms its findings that the Notice given to the Class satisfies the

requirements of due process and holds that it has personal jurisdiction over all Class

Members.[2]

11.     The Court must determine whether the proposed Settlement is "fair,

adequate and reasonable and is not the product of collusion" between the parties. *Leverso*

*v. SouthTrust Bank of Ala., Nat'l Ass'n,* 18 F.3d 1527, 1530 (11th Cir. 1994); *Bennett v.*

*Behring Corp.,* 737 F.2d 982, 986 (11th Cir. 1984); *In re Corrugated Container Antitrust*

*Litig.,* 643 F.2d 195, 207 (5th Cir. 1981). In making this determination, the Court

considers six factors: (a) the likelihood that Plaintiff would prevail at trial; (b) the range

of possible recovery if Plaintiff prevailed at trial; (c) the fairness of the Settlement

compared to the range of possible recovery, discounted for the risks associated with

litigation; (d) the complexity, expense and duration of litigation; (e) the substance and

amount of opposition to the Settlement; and (f) the stage of the proceedings at which the

---

[2] The list of exclusions from the Settlement is attached hereto as Exhibit A.

Settlement was achieved. *Bennett,* 737 F.2d at 986; *Corrugated Container,* 643 F.2d at 212; *Behrens v. Wometco Enters., Inc.,* 118 F.R.D. 534, 538–39 (S.D. Fla. 1988), *aff'd,* 899 F.2d 21 (11th Cir. 1990).

12.     In considering this Settlement, the Court need not readdress the merits of this case. This Court has considered the submissions of the parties, and the discovery conducted in this case, all of which show that not only did Plaintiff risk not succeeding on his motion for class certification and at trial, but he also faced uncertainty in whether he would ultimately prevail on his claims on appeal. Given these considerable open issues, the benefits available directly to the Class represent an excellent result. *See Bennett,* 737 F.2d at 986–87. If this case were to proceed without settlement, the resulting trial and the almost inevitable appeal would be complex, lengthy, and expensive. The Settlement eliminates a substantial risk that the Class would walk away empty-handed at the conclusion of trial or appeal. *See Ressler v. Jacobson,* 822 F. Supp. 1551, 1554 (M.D. Fla. 1992). Further, Defendants have defended this action vigorously and likely would continue to do so through trial and upon appeal, absent settlement. As a result, it could be years before Class Members would see any recovery even if they were to prevail on the merits, and they ultimately might not obtain a better recovery than they have achieved in this Settlement. *Behrens,* 118 F.R.D. at 543 (settlement "shortened what would have been a very hard-fought and exhausting period of time, which may have realistically ended with a decision similar to the terms of this settlement").

13.     Only six Class Members objected, and only twelve Class members excluded themselves from the Settlement, both of which represent a minuscule

percentage of the estimated 7.26 million member Class. The Court fully considered each

of the Objections made to the settlement and found that each of the Objections lacked

merits for the reason stated in Plaintiff's Response to Objections to Class Action

Settlement, Request for Attorneys' Fees and Expenses, and Named Plaintiff Payment and

Defendants' Response to Objections to Final Approval of Class Settlement. The small

number of exclusions and objections from Class Members relative to the size of the

Class, and the lack of merit to the objections that were made, further support approval of

this Settlement. *See, e.g., Bennett,* 737 F.2d at 988 & n. 10 (holding that the district court

properly considered the number and substance of objections in approving a class

settlement).

14.     The last *Bennett* factor this Court must review is the stage of the

proceedings at which settlement was achieved. *See Ressler,* 822 F. Supp. at 1554–55.

This action was settled after more than sixteen months of motion practice, including

briefing and argument on class certification. The Settlement was preceded by

considerable arm's-length negotiations between Class Counsel and attorneys for the

Defendants during formal mediation overseen by a well-qualified mediator appointed by

this Court. The facts demonstrate that the Plaintiff was sufficiently informed to negotiate,

execute, and recommend approval of this Settlement. *See, e.g., Davies v. Continental

Bank,* 122 F.R.D. 475, 479–80 (E.D. Pa. 1988).

15.     This Court also may consider the opinions of Class Counsel. *Parker v.

Anderson,* 667 F.2d 1204, 1209 (5th Cir.), *cert. denied,* 459 U.S. 828 (1982). Class

Counsel have considerable experience in the prosecution of large, complex consumer

class actions. This Court gives credence to the opinion of Class Counsel, amply supported by the Court's independent review, that this Settlement is a beneficial resolution of the Class claims.

16.     In addition to finding the terms of the proposed Settlement fair, reasonable, and adequate, this Court must determine that there was no fraud or collusion between the parties or their counsel in negotiating the Settlement's terms. *Bennett,* 737 F.2d at 986; *Miller v. Republic Nat'l Life Ins. Co.,* 559 F.2d 426, 428–29 (5th Cir. 1977). In this case, there is no suggestion of fraud or collusion between the parties. Furthermore, the terms of the Settlement make it clear that the process by which the Settlement was achieved was fair. *Miller,* 559 F.2d at 429; *See Ressler,* 822 F. Supp. at 1553. Finally, there is no evidence of unethical behavior, want of skill, or lack of zeal on the part of Class Counsel.

17.     The terms of the Agreement, including all exhibits thereto, are fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, representative Plaintiff Joshua D. Poertner and the Class Members.  The parties and their counsel are ordered to implement and to consummate the Settlement according to its terms and provisions, as set forth in the Agreement.

18.     The Agreement also provides that (a) Defendants agree to pay Class Counsel up to a total amount of $5,680,000 in attorneys' fees and expenses, (b) subject to Court approval, and (c) that Defendants agree to pay all costs of Notice and administering the Settlement. The Agreement provides that Class Counsel would make an application to this Court for an award of attorneys' fees and costs, which they have done.  Adding the

7

requested fee and expense award of $5.68 million, the settlement administration and

Notice costs to be paid by Defendants, and total benefits available to those Settlement

Class Members who file claims creates a total available benefit to Class Members of

$49.87 million.  Under a common-fund analysis, i.e., determining Class Counsel's fee

based on a percentage of that total available benefit, the fee is reasonable.[3]  The total

amount of fees requested (after deducting Class Counsel's expenses of $272,276) of

$5,407,724 represents less than 10.9% of this overall benefit. That percentage falls well

below the "benchmark" range of 25–30% recognized by Circuit precedent. *See Waters v.*

*Int'l Precious Metals Corp.,* 190 F.3d 1291, 1294–95 (11th Cir. 1999); *Camden I, 946*

*F.2d at 774.* Moreover, the fee is reasonable in view of the substantial risk associated

with asserting these claims, the excellent results achieved for the Class, and the extensive

time and effort it took to achieve that result.[4]  In reaching this determination, this Court

has considered that claims were actually made by less than 1% of the Settlement Class

Members.  Furthermore, Class Counsel's expenses of $272,276 are reasonable and

appropriate.  Accordingly, a fee and expense award of $5,680,000 is hereby approved and

shall be paid in accordance with the terms of the Agreement.

19.     The Complaint and this Action, including all individual and class claims

that were or could have been raised in this action, are hereby dismissed on the merits and

---

[3] Pursuant to *Camden I Condo. Assoc. v. Dunkle,* 946 F.2d 768, 774 (11th Cir. 1991), an attorneys' fee award in a class action must be "based on a reasonable percentage of the fund established for the benefit of the class." Further, the "fund established for the benefit of the class" is the total dollar amount available to the class, even though unclaimed funds will remain the property of Defendants. *See Waters v. Int'l Precious Metals, Corp.,* 190 F. 3d 1291 (11th Cir. 1999) ("In *Boeing Co. v. Van Gemert,* [444 U.S. 472 (1980)] the Supreme Court settled this question by ruling that class counsel are entitled to a reasonable fee based on the funds potentially available to be claimed, regardless of the amount actually claimed"); *Stahl v. Mastec, Inc.*, 2008 WL 2267469, *1 (M.D. Fla. May 20, 2008) (same).

[4] Class Counsel's fee of $5,407,724.40 represents a 1.56 multiplier of their lodestar.

with prejudice.

20.     The Agreement is hereby approved. Without limiting any term of the Agreement, this Final Approval Order and Judgment, including all exhibits hereto, shall forever be binding upon Joshua D. Poertner and all other Class Members, as well as their heirs, executors and administrators, successors and assigns. This Final Approval Order and Judgment releases the Defendants as set forth in the Agreement.  This Final Approval Order and Judgment shall have *res judicata,* collateral estoppel, and all other preclusive effect on any claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, losses, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses, including the Released Claim as described in the Agreement, that were asserted or could have been asserted in this action.

21.     The Agreement controls the terms of this final judgment and shall survive this final judgment.

22.     The Released Parties and each member of the Settlement Class are subject to the exclusive jurisdiction and venue of the United States District Court for the Middle District of Florida for any suit, action, proceeding, case, controversy, or dispute relating to the Settlement Agreement that is the subject of this final judgment. All Class Members, excepting only the twelve individuals who effectively excluded themselves from the Settlement Class in accordance with the terms of the Class Notice, and all persons and entities in privity with them, are barred and enjoined from commencing or continuing any suit, action, proceeding, case, controversy, or dispute relating to the Settlement Agreement that is the subject of this Order of Final Approval and Final

9

Judgment.

23.     This Court shall have exclusive jurisdiction and authority to rule upon and issue a final order with respect to the subject matter of any such action, suit, or proceeding whether judicial, administrative, or otherwise, which may be instituted by any person or entity, individually or derivatively, with respect to (i) the validity or enforceability of the Settlement Agreement; (ii) the authority of any Released Party to enter into or perform the Settlement Agreement in accordance with its terms; (iii) the remedies afforded by this Order of Final Approval and Final Judgment and the Settlement Agreement, or the attorneys' fees, representatives' fees, interest, costs, or expenses provided for in this Order of Final Approval and Final Judgment; (iv) any other foreseen or unforeseen case or controversy relating to or impacted by this Order of Final Approval and Final Judgment and Settlement Agreement; or (v) the enforcement, construction, or interpretation of the Settlement Agreement or this Order of Final Approval and Final Judgment. This reservation of jurisdiction does not limit any other reservation of jurisdiction in this Order of Final Approval and Final Judgment nor do any other such reservations limit the reservation in this sub-section.

24.     Neither this Order of Final Approval and Final Judgment nor the Agreement shall be construed or deemed evidence of or an admission or concession on the part of Defendants with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses asserted.

DONE AND ORDERED in Chambers in the Middle District of Florida, at Orlando, Florida this ____ day of _____, 2014.

11

 

                                                _____

Gregory A. Presnell
District Judge

Attachment: Exclusion list

11

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JOSHUA D. POERTNER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>THE GILLETTE COMPANY, and THE PROCTER & GAMBLE COMPANY,<br><br>        Defendants. | Case No. 6:12-CV-00803-GAP-DAB<br><br><br><br><br>Dept.: 5A<br>Judge: Hon. Gregory A. Presnell |

**DECLARATION OF DEBORAH MCCOMB RE: REQUESTS FOR EXCLUSION FROM CLASS SETTLEMENT**

I, Deborah McComb, declare and state as follows:

    1.    I am a Senior Consultant at Kurtzman Carson Consultants LLC ("KCC"), located at 75 Rowland Way, Suite 250, Novato, California.  As a Senior Consultant at KCC, my responsibilities include overseeing and implementing legal notice campaigns in order to provide notice to class members of class action settlements.  I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

    2.    KCC is the court appointed settlement administrator of the class settlement in the above-

captioned matter (the "Settlement"). I am one of the individuals at KCC responsible for KCC's work in administering the Settlement, including among other things receiving and tracking Requests for Exclusion (i.e., opt outs) received from potential class members. In accordance with the Court's Order Granting Preliminary Approval of Class Action Settlement in this matter (Doc. 118), the purpose of this declaration is to provide the parties and the Court with a list of Requests for Exclusions (i.e., opt outs) that have been received by KCC related to the Settlement.

3. As of the date of this declaration, KCC has received twelve (12) Requests for Exclusion or opt outs. A list of the individuals requesting exclusion is attached hereto as Exhibit A.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that this declaration was executed this 10th day of March 2014 at Novato, California.

Deborah McComb

**KCC Class Action Services**
*Joshua Poertner v. The Gillette Company, et al*. **Class Settlement**
List of Opt-Outs Received

**Count:**        **12**

| Control # | Last | First |
|-----------|------|-------|
| 900042001 | BOOKER | DAVE |
| 900045001 | FALLONI | TIMOTHY |
| 900038701 | HAACK | JIM |
| 900048101 | HARPER | ADAM |
| 900050701 | KONIECZNY | CHRIS |
| 900046401 | KOSTAKIS | NICHOLAS |
| 900047801 | LAHR | MATT |
| 900044701 | MARKELLOS | NIKOS |
| 900039001 | NICHOLS | CARLY |
| 900041601 | ROBERTSON | KYLE |
| 900043301 | ROOT | SEAN |
| 900024801 | YOUNG | WENDY L |